## FERGUSON *v*. STAFFORD and Others.

EVIDENCE.—*Opinion of Witness*.—Where the value of property, real or personal, comes in question, a witness who has a personal knowledge of the property and who possesses the necessary information to enable him to form a proper estimate of its value, will be permitted to give his opinion in reference to such value.

SAME.— *Waste*.—On the trial of an action for waste against one holding under a will till the youngest of the plaintiffs should come of age, a witness having testified that he knew the premises, a farm, its improvements and condition, when the defendant took possession, and also its condition at the commencement of the suit, and having described its condition at each of these periods;

*Held*, that there was no error in permitting said witness, over the defendant's objection, to give his opinion as to the value of the farm at the time the action was commenced, and also what it would then have been worth if kept in ordinarily good repair and cultivated in a husbandlike manner, or in permitting him to give his opinion as to the cost, in detail, of putting the farm in good condition and repair.

APPEAL from the Owen Circuit Court.

ELLIOTT, J.—This was a suit for waste, brought by Oliver Stafford, Phœbe Ann Stratton and her husband John Stratton, and Scott Stafford, by Emanuel W. Stafford, his guardi-

an, against Fanny Ferguson and John W. Ferguson, her husband, said Oliver, Phœbe Ann, and Scott, being children of Grant Stafford, deceased, and said Fanny (now the wife of John W. Ferguson) being his widow. The suit was commenced in Morgan county, and a trial of it there resulted in a verdict in favor of the defendant John W. Ferguson, and in favor of the plaintiffs against said Fanny, but a new trial was granted to her, after which the case was taken, on change of venue, to Owen county. The record shows that in 1852, Grant Stafford died testate, seized in fee of a valuable farm in Morgan county, which by his last will he devised to said Fanny, then his wife, until his youngest child should arrive at the age of twenty-one years, and then to his three youngest children, the appellees in this suit, charged however, with the comfortable support of said Fanny during her natural life. And it is alleged, that at the death of the testator, the farm was well improved and in a high state of cultivation; that there was then situate on the farm a brick and frame residence, in good repair and condition, a large frame barn, large cribs, stables and other out houses, all in good condition; that the farm was well and securely fenced into convenient fields, and had on it an orchard of choice apple and small fruit trees; that said Fanny, prior to her marriage with said Ferguson, and since then with him, had been in possession of said farm continually after the death of the testator, and had caused, suffered and permitted the houses and barns to decay and become worthless, by neglect and refusal to repair them, destroyed the orchard and garden, suffered the fences to decay and become destroyed, and so abused and improvidently managed the cultivation of the lands as to render them poor and unproductive, and wholly refuses to apply any portion of the profits derived therefrom to the necessary repairs of the farm; that the farm, in soil, orchard, houses, barns, stables, fences, pastures, and meadows, has become wasted, and suffered irreparable damage; that said Fanny wholly refuses to repair; and that Scott Stafford, the young-

est of the testator's children, was only seventeen years of age.

Prayer for injunction restraining further waste, and for the appointment of a receiver and the application of the rents and profits, during the remainder of said Fanny's term, to the repairs of the farm, and for general relief. There was an answer in two paragraphs, one of which was a direct, and the other an argumentative denial of the allegations of the complaint.

The cause was tried by a jury, who found for the plaintiffs, and assessed their damages at fifteen hundred dollars.

Motion a new trial overruled, and judgment on the verdict.

The questions urged by counsel as grounds of reversal arise on the refusal of the court to grant a new trial, because of alleged errors in the admission of certain evidence over the appellant's objections.

James M. Stafford, having testified that he had an intimate knowledge of the farm, its improvements and condition, when it came into the possession of the appellant, and also with its condition at the commencement of the suit, and that when the appellant took possession, the fences, gates, buildings, orchard, and garden, were all in good repair, and the lands in a superior state of cultivation, then described its condition at the commencement of the suit, and stated that when the appellant took possession there were ten good gates on the farm, which are all gone; that eight hundred and ninety-five rods of fencing were gone, requiring to replace them seventeen thousand eight hundred and eighty rails. He then, over the appellant's objection, stated that ten years ago, when the rails were removed, rails were worth two dollars and fifty cents per hundred; that rails there were now worth five dollars per hundred; that if the gates had been kept in reasonable repair, they would be worth from three to five dollars each. This and several other witnesses, who knew the condition of the farm at the testator's death, and also at the commencement

of the suit, were permitted to give their opinions as to its value at the last named period, in the condition it was then in, and also what it would then have been worth if the buildings, orchards, fences, and grounds, had been kept in ordinary good repair and cultivated in a husbandlike manner. The objection urged to the evidence is, that it consisted of the speculative opinions of the witnesses, and, in effect, estimated the damages, and thereby usurped the province of the jury; that the witnesses should have been confined to a statement of the facts, leaving the jury to draw their own conclusions in estimating the damages.

The general rule certainly is, that witnesses are only permitted to state the facts within their own personal knowledge, but not their opinions, conclusions, or deductions. These can only be made by the tribunal whose duty it is to decide upon questions of fact. But there are exceptions to this rule; one of which is, that when the value of property, real or personal, comes in question, witnesses having a personal knowledge of the property, and who posses the necessary knowledge and information to enable them to form a proper estimate of its value, are permitted to give their opinions in reference to it. *Evansville, &c., R. R. Co.* v. *Fitzpatrick,* 10 Ind. 120; *The Jeffersonville R. R. Co.* v. *Lanham,* 27 Ind. 171; *Van Deusen* v. *Young,* 29 N. Y. 9; *Mayor* v. *Pentz,* 24 Wend. 667; *Joy* v. *Hopkins,* 5 Denio, 84; Sedgw. Dam. 592, 2 ed. In *Clark* v. *Baird,* 9 N. Y. 183, after a careful examination of the question, it was held, that the opinion of witnesses acquainted with real estate, the value of which is in dispute, are competent upon the question of such value. In many cases the admission of such evidence would seem to be a necessity, indeed, is the best evidence of which the question is susceptible, and constitutes the only reasonable means of arriving at a proper conclusion. Thus, in a suit for the conversion of personal property having no fixed or definite market value, how can the value be ascertained except by the opinions of witnesses acquainted with the property and knowing its quality and condition? Suppose

the property, the value of which is in question, to be a horse, a description of his age, size, color, form, and gait, would give but a very indefinite idea of his value. The description would be equally applicable to a multitude of horses differing greatly in value; but the opinion of witnesses who know him and have a personal knowledge of all his qualities, would give a much more reliable idea of his value.

Here the value of the farm, as an inheritance, in its dilapidated condition, and what its value would have been had it been kept in a proper state of repair and cultivation, were proper matters for the consideration of the jury in estimating the damages. These facts could be best ascertained by the opinions of those who, from a personal knowledge of the farm, its quality and condition, were qualified to judge of them. The admission of such evidence is sustained by the case of *Clark* v. *Baird*, *supra*.

Greer, a witness, testified, that "the orchard was damaged one hundred dollars; vineyard, two hundred dollars; houses, four hundred dollars; stock stable, two hundred and fifty dollars; barn, forty dollars; missing fences worth three hundred and fifty dollars; to repair fencing now standing, two hundred dollars; plank fence around the yard and gates sixty dollars, large gates thirty dollars, pastures three hundred dollars, bayou one hundred and fifty dollars; timber cut down and not used worth fifty dollars, shrubbery thirty dollars." This evidence was excepted to.

It will be observed that the witness, in refering to the orchard, vineyard, houses, stock stable, and barn, spoke of them as being *damaged* in the several sums named. This, under the general rule, that witnesses are not permitted to state their opinions as to the amount of damages, would, if unexplained, be error; but the witness, after stating that he had known the farm well since 1841 and had an intimate knowledge of its condition from the time the appellant came into its possession, and after having given a full statement in detail of its condition when it came into the appellant's possession, and also at the time of the trial, said that

he "had made an estimate of the cost of putting the farm in a good condition of repair," which he then proceeded to given in detail, and in doing so used the word "damaged" in reference to some of the items. It is apparent from the whole of his evidence that he was speaking of the estimated cost in making the repairs referred to, and, we think, could not have been otherwise understood by the jury. Thus understood, the evidence was proper, notwithstanding the use of an unhappy or improper term to express the idea intended and really conveyed.

The record shows that the court very fully instructed the jury that the appellees could only recover for the permanent injury to the reversion, caused by the voluntary or permissive waste of the appellant. The evidence not only sustains the verdict, but would have justified the finding of a much larger amount in damages; and we find nothing in the record to justify a reversal.

Judgment affirmed, with costs.

*S. H. Buskirk, C. F. McNutt, W. A. Montgomery,* and *G. W. Grubbs,* for appellant.

*S. Claypool, W. R. Harrison,* and *W. S. Shirley,* for appellees.