THE FRANKFORT AND KOKOMO R. R. CO. *v.* WINDSOR.

EVIDENCE. — *Opinion of Witness as to Value of Property.* — *Appropriation of Land for Railroad.*—On the trial of a proceeding to appropriate land for the way of a railroad and to assess the damages to the land-owner resulting from the appropriation, it is competent for a witness who has a personal knowledge of the land, and who possesses the necessary information to enable him to form a proper estimate of its value, to state his opinion as to the value of the residue of the land after the appropriation; and it is not necessary that he should know of sales of such tracts of land.

From the Howard Circuit Court.

*C. & C. E. Cowgill,* for appellant.

*J. O'Brien* and *A. J. Youngblood,* for appellee.

DOWNEY, J.—This case was commenced in the court below by the Frankfort and Kokomo Railroad Company, the appellant here, against Alvin R. Windsor, the appellee, for the purpose of appropriating a strip of his land, described in the record, for the way of said company's road, and for the assessment of damages resulting from said appropriation. Appraisers were appointed, pursuant to the fifteenth section of the act entitled "an act to provide for the incorporation of railroad companies," approved May 11th, 1852 (1 G. & H. 509), who returned their assessment of damages to the clerk of the court.

Exceptions were filed by the defendant, Windsor, and an appeal taken from said appraisement to the circuit court.

The only question made by the issues is as to the *quantum* of damages the defendant, or appellee, is entitled to recover.

On a trial by jury in the circuit court, the damages of the appellee were assessed at eleven hundred and twenty-five dollars and ninety-five cents.

It is contended here that the court erred in refusing to grant a new trial on the motion of appellant, and the reasons assigned for the new trial present the questions which we have to decide.

The whole tract of land of the appellee contained seven-

teen acres, and the part condemned and appropriated by the company amounted to about two and a quarter acres. The roadway ran through the tract of land so as to cut it into two pieces, each nearly in the form of a triangle.

On the trial of the cause, several witnesses on the part of the appellee were asked the following question: "State how the road ran through the tract of land, and what is the value of the fractions made by the railroad." The appellant objected, on the ground that the question not only asked the witness to state an opinion, but that it indirectly asked him to state the damages sustained by the owner of the land. The court overruled the objection, and the witnesses answered the question. The witnesses were acquainted with the land, and had testified, without objection, to the value of the entire tract, before they were asked the question to which objection was made.

Counsel for appellant, in support of their position, say:

"The very principle or rule of law that allows a witness to testify to the value of land in such a case, previous to the act of condemnation, is this: he then speaks of facts as derived from his knowledge of the market price of such property. In such a case, his testimony would not be opinion, it would be knowledge. If the residue of appellee's land, after the appropriation of the strip described was less valuable per acre than was the whole tract before the appropriation, in consequence of the location of the road and the manner in which said residue was affected thereby, then it is proper to show by testimony in what manner the same is affected, with all the circumstances connected therewith; and from the evidence upon these points, and these alone, the jury, not the witnesses, are to draw their conclusions as to whether such residue is worth less than before the appropriation, and if so, how much less.

"In this case, the witnesses drew their own conclusions, and assessed the damage, by saying how much less the land not appropriated was worth per acre, subsequent to the act of appropriation, than it was before such act. Nor did they

estimate such diminished value to the same from any actual knowledge they possessed, or from any existing facts affecting the same, like a well understood and fixed market value attached to all lands similarly situated, for the reason that they could have possessed no such knowledge, and no fixed and understood market value had been established since the location of the road. Hence they were simply opinions of witnesses, and not facts, that they stated—conclusions drawn by the witnesses, instead of facts and circumstances detailed to the jury by them, so as to enable the jury to say how much less valuable, if any, said land was rendered by the location of said road."

We are unable to see any valid objection to the ruling of the court.

When the value of property, real or personal, comes in question, witnesses having a personal knowledge of the property, and who possess the necessary information to enable them to form a proper estimate of its value, are permitted to give their opinion with reference to it. *Ferguson* v. *Stafford,* 33 Ind. 162, and cases cited.

Counsel for appellant refer to *The Evansville, etc., Railroad Co.* v. *Fitzpatrick,* 10 Ind. 120. The case is not in point, however. Neither are the New York and other cases cited, relating to opinions as to sanity or insanity. The law in New York, on the subject under consideration, is declared to be as laid down in *Ferguson* v. *Stafford, supra.* See *Clark* v. *Baird,* 5 Seld. 183, and cases cited.

It was not necessary, to enable the witnesses to give an opinion as to the value of the parts of the land, that they should have known of sales of exactly such tracts of land in form and quantity.

It is next urged that the court improperly refused to give an instruction asked by the appellant, which is set out in the record. But the judge gave the same matter, in substance, in his own instructions to the jury, and it was not necessary that he should repeat it.

It is also claimed by appellant, that the damages are

excessive; but, in view of the evidence, we cannot disturb the judgment on this ground. The evidence fully justified the verdict of the jury. We can do nothing but affirm the judgment.

The judgment is affirmed, with three per cent. damages and costs.