The Indianapolis, Decatur and Springfield Railroad Company v. Pugh.

---

No. 9114.

THE INDIANAPOLIS, DECATUR AND SPRINGFIELD RAILROAD COMPANY v. PUGH.

PRACTICE.—*Bill of Exceptions Filed After Term.*—*New Trial.*—A ruling made during the trial of a cause can not be preserved by bill of exceptions filed after the term, unless time was given within which to file it, during the term at which the ruling was made; nor can the court at a subsequent term, though the motion for a new trial was not passed upon until such term, preserve its ruling made at a former term, by granting time within which to file bills of exceptions.

SAME.—*Evidence.*—*Instructions.*—*Record.*—If a motion for a new trial is passed upon at a term subsequent to the term of trial, the court may then grant time within which to file a bill of exceptions, embracing the evidence and the ruling upon the motion, but such bill will not preserve any ruling made during the trial, and instructions found only in such bill will not be regarded as a part of the record.

RAILROAD.—*Appropriation of Land for Right of Way.*—*Damages.*—*Evidence. Opinion of Witness.*—*Instruction.*—In a proceeding by a railroad company to appropriate a strip of land for its right of way through a farm, it is not error to instruct the jury that they may consider the opinions of witnesses as to the value of the land immediately before the appropriation, and the value of the several parcels immediately after the appropriation, for the purpose of determining the damages sustained by the appropriation.

From the Superior Court of Marion County.

*A. L. Roache, E. H. Lamme, J. E. McDonald* and *J. M. Butler,* for appellant.

*B. Harrison, C. C. Hines, W. H. H. Miller* and *J. S. Tarkington,* for appellee.

BEST, C.—The appellant appropriated a strip of land for its right of way through the appellee's farm; damages were assessed by appraisers; exceptions were filed to the award, the cause tried and a verdict returned for the appellee. The appellant moved for a new trial, the motion was overruled, an exception taken and final judgment rendered upon the verdict. The appellant appealed to the general term; the judgment was affirmed, and this appeal is from the judgment of the general term, affirming the judgment of the special term.

The error assigned at general term, and relied upon here for the reversal of the judgment, was that the court erred in overruling the motion for a new trial. The only causes embraced in the motion for a new trial, and for which it is insisted the court should have sustained it, arise upon the rulings of the court in admitting and excluding testimony, and in giving and refusing to give instructions. These rulings occurred during the trial, and the appellee insists that, as no bill of exceptions was filed during the term, and no time was granted within which to file a bill after the term, the bill thereafter filed presents no question concerning them. The cause was tried and a motion for a new trial was made at the December term, 1879, but no bill was filed at that term, nor was any time asked or given within which to file a bill of exceptions. At the next term of the court the motion for a new trial was overruled, an exception reserved and sixty days time given within which to file bills of exceptions. Within the time limited, a bill was filed which embraces the evidence, the instructions and the various rulings made during the trial. The instructions of appellant are not otherwise in the record, and, in this condition of the record, we think the point of the appellee well taken. A ruling made at one term of the court can not be preserved by filing a bill of exceptions at a subsequent term, unless time was given within which to file it during the term at which the ruling was made; nor can the court at a subsequent term, though the motion for a new trial was not passed upon until such term, preserve its rulings made

at a former term, by granting time within which to file bills of exceptions. *Rinehart* v. *Bowen*, 44 Ind. 353; *Sohn* v. *Marion, etc., Gravel Road Co.*, 73 Ind. 77; *Rhyan* v. *Dunnigan*, 76 Ind. 178; *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110.

If a motion for a new trial is passed upon at a term subsequent to the return of the verdict, the court may then grant time within which to file a bill of exceptions, embracing the evidence and the ruling upon the motion, but such bill will not preserve any ruling made during the trial. *Kendel* v. *Judah*, 63 Ind. 291; *Backus* v. *Gallentine*, 76 Ind. 367.

Nor will such bill bring instructions into the record; it only brings the evidence and the ruling of the court upon the motion, and, therefore, if instructions are found only in such bill, they can not be regarded as a part of the record. *Sohn* v. *Marion, etc., G. R. Co.*, 73 Ind. 77.

As exceptions to the instructions asked by the appellant were not otherwise saved, the questions sought to be presented by them and by the rulings of the court on the admission and exclusion of testimony do not arise.

Exceptions to the instructions given by the court, however, were saved in pursuance of the provisions of sections 324 and 325 of the code of 1852, and the question arising upon these instructions will be considered.

The court gave numerous instructions, to each of which an exception was taken; but appellant, in its brief, only insists that the court erred in instructing the jury that they might consider the opinions of witnesses as to the value of the land immediately before the appropriation, and the value of the several parcels immediately after the appropriation, for the purpose of determining the damages sustained by the appropriation.

The court, after informing the jury that a witness was not permitted to express his opinion as to the amount of damages sustained by the appropriation, said: " You will not understand, however, from what I have said, that opinions of witnesses are incompetent for any purpose. The opinions of

The Indianapolis, Decatur and Springfield Railroad Company v. Pugh.

witnesses are competent, and have been admitted in this case, as to the value of plaintiff's farm as a whole *before* the location of defendant's railroad thereon, and as to the value of the strip taken for the right of way, and as to the value of the separate parcels constituting the residue left after the location of the railroad, and as to the buildings and orchard thereon.    Upon these subjects it was competent for the witnesses to state their opinions and their reasons for them, and you have a right, and it is your duty, carefully to consider and weigh such opinions, and the reasons for them, in connection with the other testimony introduced, although you are not bound to adopt the opinion of any one of such witnesses, or his reasons for it."

This is the only instruction bearing upon this question, and we are of opinion that it was not erroneous.    In the case of *Frankfort, etc., R. R. Co.* v. *Windsor*, 51 Ind. 238, the court permitted witnesses, who were acquainted with the property, to express their opinions as to the value of the fractions into which the appellee's land had been cut by the railroad, and this ruling was approved by this court.    If proper to receive the opinion of witnesses as to the value of the fractions, it is also proper to receive such opinions as to the value of the whole, and if proper to receive them at all, it is, of course, proper for the jury to consider them as they were directed to do in this case.    The value of the land as a whole, and the value of the different parcels, were facts which the jury were authorized to consider, and these facts would doubtless aid them in reaching a correct conclusion.    It is not, of course, the only mode of showing the amount of damages sustained by the location of a railroad, but these facts are clearly competent for such purpose.    Nor does the direction given in this case contravene the rule announced in the cases of *Baltimore, etc., R. W. Co.* v. *Johnson*, 59 Ind. 480, and *Baltimore, etc., R. W. Co.* v. *Stoner*, 59 Ind. 579.    In these cases the witnesses were allowed to express opinions, in an indirect way, as to the amount of damages sustained ; while in this case the jury was directed to

consider the opinion of witnesses only as to the value of the property involved, either as a whole or in parcels. This was right, as the opinion of witnesses qualified to speak as to the value of property is clearly admissible for the purpose of determining such fact, and the fact itself may properly be considered in fixing the damages sustained by an appropriation of the land. There was, as we think, no error in giving the instruction, and as there is no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.