Filed Feb. 2, 1892.

No. 15,343.

THE OHIO VALLEY RAILWAY AND TERMINAL COMPANY
*v.* KERTH.

RAILROAD.—*Appropriation.*—*Use of Map in Evidence in Assessing Damages.*
—*How May be Considered.*—In assessing damages occasioned by the appropriation of a right of way across unplatted land near to or adjacent the platted territory of a city, a map showing how the streets of the city could be extended across such unplatted tract, and also showing its situation with reference to the city and its streets, may be put in evidence for the purpose of showing the size of the tract of land, its form, shape and relation to other territory ; and it may also be considered to show the actual condition of the land and the right of way, if such facts are shown thereon; but it can not be considered as showing lots and streets laid off on such land, although the map show the tract as platted territory.

SAME.—*Damages.*—*Value of Land Near City.*—*Prospective Use for City Purposes.*—In assessing damages the jury may consider the proximity of the land sought to be appropriated to a city or town; and its increased value occasioned by the certainty of its near future use for suburban purposes.

SAME.—*Value.*—*Proof of.*—*Competency of Witness to Testify to.*—*Sufficiency of Knowledge Concerning Land and Location of Railroad.*—A witness who testifies that he is acquainted with the value of land in the vicinity of the land sought to be appropriated, and with the particular tract in ques-

The Ohio Valley Railway and Terminal Company *v.* Kerth.

tion, both before and after the appropriation, may testify what its value was before the railroad ran through it and also its value after it ran through it, without first showing his knowledge of the railroad, the way it is located across the land, the fills and cuts, and other matters affecting the question of damages.

From the Vanderburgh Circuit Court.

*D. B. Kumler, A. Gilchrist* and *C. A. De Bruler,* for appellant.

*P. Maier, J. S. Buchanan, C. Buchanan* and *P. W. Frey,* for appellee.

OLDS, J.—This was a proceeding to condemn a strip of appellee's land for appellant's right of way, under the statute providing for the condemnation of land for such purpose.

An instrument of appropriation was properly filed, and thereupon appraisers were appointed by the Vanderburgh Circuit Court, and the appraisers made their appraisement, assessing appellee's damages at $1,000.

Exceptions were filed by appellee. There was a trial in the circuit court, and a verdict was returned in favor of appellee for $2,325.

Appellant filed a motion for a new trial, which was overruled, and exceptions reserved, and judgment rendered upon the verdict.

The only error assigned is the overruling of appellant's motion for a new trial.

The first question presented by the motion for a new trial and discussed by counsel, is the ruling of the court in admitting in evidence a map of appellee's land through which the railroad is located, and a portion of which is condemned for right of way.

The appellee owned a tract of land a half mile long and three hundred and twenty feet wide. The right of way sought to be condemned was forty feet wide, running diagonally across the strip of land a distance of something over seven hundred feet, and occupying less than one acre.

Appellee's land is situate three-eighths of a mile from the corporation line of the city of Evansville. It is bounded on each end by two of the main roads into the city. Lying between the corporation line and appellee's land is a platted addition to the city of Evansville, which is one-quarter of a mile in width and about a half mile in length, and lying adjacent to the corporation line. This platted addition is called Auburn. The streets in this addition are platted to correspond with the streets within the city limits, are an extension of the same, and bear the same names as the streets within the corporate limits. This addition is regularly platted, and some buildings are upon it.

Between the addition of Auburn and appellee's land is a strip of unplatted land one-eighth of a mile wide. Appellee had a plat made of Auburn, the strip of land between Auburn and appellee's land, and of his own land, showing it all as platted into lots and an extension of the streets of the city across the lands of the appellee.

Appellee contended that his land was so situated that, in the ordinary growth of the city of Evansville, it would be needed, and would necessarily soon become a part of the residence portion of the city; that it was so situated that its location and quality of soil made it valuable to be platted as a part of said city; that the land was valuable for the purpose of being platted as a part of the city, as the usual and ordinary growth of the city would justify it; and for the purpose of showing the adaptability of the land for the purpose of platting the same as an addition to the city, the appellee offered in evidence the map which he had prepared, showing how it would divide into lots of certain dimensions without waste, and at what points and in what manner the streets of the city would extend through it. Instead of endeavoring to have witnesses explain to the jurors its adaptability for platting as an addition to the town, how many lots it could be divided into, and the location of the streets and alleys, the appellee sought to place before the jury a profile of the

The Ohio Valley Railway and Terminal Company *v.* Kerth.

land platted by actual measurement, showing how it could be platted, the number and size of the lots, the location of the streets and alleys.

It was not contended that the land was platted, or that the appellee was entitled to recover for it as platted land, but it was contended that one element of value that the tract of land had was its location in close proximity to a large and growing city, and its susceptibility to be platted and used as residence property made it more valuable than it otherwise would be.

We think the admission of the plat in evidence was clearly proper. In the case of *Boom Co.* v. *Patterson,* 98 U. S. 403, the court says : " So many and varied are the circumstances to be taken into account in determining the value of property condemned for public purposes, that it is perhaps impossible to formulate a rule to govern its appraisement in all cases. Exceptional circumstances will modify the most carefully guarded rule ; but, as a general thing, we should say that the compensation to the owner is to be estimated by reference to the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future."

This rule clearly authorizes the jury to take into consideration the value of the land to be platted as an addition to the city of Evansville now or in the immediate future, and it was proper for the appellee to show its adaptability for that purpose, and this could be more clearly demonstrated by the use of a map or plat made from actual measurements than by the mere parol statements of witnesses.

In the case of *Cincinnati, etc., R. W. Co.* v. *Longworth,* 30 Ohio St. 108, the court, in proceedings to appropriate land, says : " In offering testimony on this issue the owner was not limited to any pre-existing use of the land. If it was of little value as a farm, or for common uses, and was of great

value as mineral land or a town site, that fact might be shown, though it had never been so used."

The court instructed the jury in a way to have prevented any harm coming from the introduction of the plat, even if it had a tendency to mislead jurors.

In the seventh instruction the court said to the jury: " You should take the property and situation as it has been shown to be by the evidence at the time of the appropriation. In so far as any map or plat put in evidence in this cause by the plaintiff shows lots and streets laid off on plaintiff's land, you should not consider it, as it is conceded that no streets exist, and the ground has not been platted. In so far as said map or plat shows the size of the land, its form and shape and relation to other territory, you may consider it, and when it may show the actual condition of said land and the right of way and railroad, you may consider it."

This instruction certainly tells the jury they shall not consider anything that is improper about the map.

It was shown by the civil engineer who made the plat that it was made from an actual survey and measurement. The plat, we think, was proper to be considered in determining the adaptability of the land to be divided into lots and platted as an addition to the city, if the jury determined that the land at the time it was appropriated was adapted to such use or had a special value at that time, in view of its location and the growth of the city, making it reasonable to expect it to be available for such purpose in the immediate future, and the instruction took from the jury the right to consider it for such purpose, and is certainly as favorable to the appellant as should have been given.

It is insisted that the court ,erred in refusing instruction numbered one requested by the appellant.

This instruction was covered by the instructions given by the court. The court told the jury that mere speculative values should not be considered in estimating the damage,

and this is all in effect that the instruction refused covered upon this point.

The instructions given do not allow the jury to consider any value on account of any future use the land may be put to.

The situation may have been such as that the natural growth of the city and the proximity of the land to it fixed its use for suburban residences in the immediate future with such certainty as to make the land of additional value on that account at the time of the appropriation, and if such were the facts the jury had a right to consider it in estimating the amount of damages.

The next question presented relates to the competency of some of the witnesses to speak upon the question of the value of the land with and without the railroad.

The witnesses first testified that they resided in the locality, and were acquainted with the value of lands in that locality; that they were acquainted with this particular land; and then they were asked what was its value before the railroad ran through it, also after the railroad ran through it, and they answered both questions.

It is contended that the witnesses, before they were permitted to answer, should have been required to show their knowledge of the railroad, the way it is located across the land, the fills and cuts, and other matters affecting the question of damages.

The knowledge of these facts go to the weight to be given to the testimony of the witness; but the witnesses showed themselves competent to speak upon the question, and counsel for appellant had the right to more fully examine the witnesses upon their knowledge of the land, its location, and location of the railroad, and how the grade or fills or cuts affected its value, as tending to lessen the weight to be given to their evidence.

Counsel contend that they are expert witnesses, and they must state the facts upon which they base their opinion.  In

speaking of values the facts necessary to entitle the witness to speak are, that he is acquainted with the market value of such property in that locality, and that he is acquainted with the property upon which he places a value.

The appellee in this case owns a tract of land a half mile in length by three hundred and twenty feet in width, situate within three-eighths of a mile of the corporate limits of the city of Evansville, and within one-eighth of a platted addition to the city, with a main road leading into the city bordering on each end of the land. The appellant located a railroad across the land, and commenced legal proceedings to condemn the right of way. An appeal is taken, and the case comes up for trial. A witness is called, and asked if he is acquainted with the value of land in that locality. He answers that he is. He is then asked if he is acquainted with the land of the appellee. He is then asked the market value of the land before the railroad run through it. Objection is made on the ground that the witness has not shown himself competent to speak. The witness is permitted to answer, and he is then asked what is the market value of the land now with the railroad through it. The same objection is made and overruled, and the witness answers. These questions assume, and it is admitted, that at the time the witness is speaking there is a railroad constructed and running across the land, and the witness says he is acquainted with it. If acquainted with it, he is acquainted with it having the railroad of the appellee running across it. So that the question sought to be presented and discussed by counsel for appellant is not in fact presented by the record, for in the form the questions are propounded to the witnesses they assume, and it is not controverted, that the railroad of appellee runs through the land at the time, and the witnesses testify that they are acquainted with it, and, if acquainted with it, they know of the railroad, and upon the theory of appellant's counsel are qualified to speak of its value.

We have put the question in the strongest light for the appellant, as most of the witnesses reside in the neighborhood, own land both near to and within the city limits, show a personal acquaintance with appellee's land, and a general knowledge of the value of land in that locality.

There is no error in the record.

The judgment affirmed, with costs.

