File *et al. v.* Springel.

No. 15,818.

FILE ET AL. *v.* SPRINGEL.

PRACTICE.—*Motion to Separate Causes of Action.*—*Demurrer for Misjoinder of Causes.*—A complaint was filed containing two paragraphs, the first charging the fraudulent taking of plaintiff's money and property and appropriating the same to the purchase of real estate, and taking the title to the same in the name of the defendant's wife, and praying for a judgment and that a lien be declared on the real estate; the second paragraph asked for a judgment for the money so appropriated. A motion was made to require the causes of action to be separated, which was overruled. A demurrer to the complaint on the ground of a misjoinder of causes of action was overruled.

*Held,* that the rulings of the court were harmless, and constituted no reversible error.

SAME.—*Judgment.*—*Evidence Supporting.*—Where there is evidence tending to support the finding, the judgment will not be reversed.

SAME.—*Evidence.*—*Harmless Error.*—If evidence is erroneously admitted, and it works no harm to the adverse party, it will not be a cause for reversal.

SAME.—*Evidence.*—*Rebuttal.*—*What Competent.*—Where the defendants testified in relation to their property, it was not error to allow evidence to be introduced concerning an inventory of his property filed by one of the defendants asking exemption from sale on execution, also concerning a mortgage executed by defendants.

SAME.—*Parol Evidence.*—*Contents of Record.*—Where one testified to having a mortgage, that he commenced foreclosure proceedings, and that he afterwards took a conveyance of the mortgaged property, paying a difference of sixty dollars to the mortgagors, it was not error to admit such evidence, as it was not proof of the contents of the record.

From the Vanderburgh Circuit Court.

*V. Bisch* and *C. L. Wedding,* for appellants.

*S. R. Hornbrook* and *P. Maier,* for appellee.

OLDS, J.—The appellee, Louis Springel, brought this action against the appellants, Josephine File and William F. File, her husband.

The complaint is in two paragraphs—the first charging the fraudulent taking of appellee's money and property, amounting to some twenty-five hundred dollars, and appro-

priating the same to the purchase of real estate, and taking the title to the same in the name of Josephine File, and asking judgment, and to have a lien declared on the real estate so purchased; the second paragraph asking for judgment for the money so appropriated by appellants. Issues were joined on the complaint, and a set-off pleaded to the amount of $914.70. There was a trial by the court, resulting in a judgment in favor of the appellee for seven hundred and fifty dollars, and a decree that the same was a lien on the real estate.

The appellants first moved the court to require the causes of action to be separated, which was overruled, and the appellants then filed a demurrer to the complaint, stating as a cause of demurrer that there was a misjoinder of causes of action, and the demurrer was overruled.

These rulings of the court were harmless, and constitute no error for which the judgment can be reversed.

The next error assigned and discussed relates to the ruling of the court in overruling the motion for a new trial. It is insisted that there is no evidence to support the finding by the court, either as to the amount of damages assessed, or that the money converted was used in the purchase of the real estate, the title to which was taken in the name of Mrs. File. We have read the evidence, and can not concur in this theory of counsel for the appellants.

It is true the evidence is contradictory. The stories related by some of the witnesses, both for the appellee and the appellants, are of such a character as to appear somewhat unreasonable, and lead one to doubt the truthfulness of them. It is a case illustrating the wisdom of the well settled rule of this court that it will not weigh the evidence when it is contradictory; that the court trying the cause is best able to judge of the credibility of the witnesses and arrive at the real truth in the case.

There is evidence to sustain the theory that the appellants were acting in conjunction and in harmony in obtaining the

custody of the money from the appellee and in using it for the purchase of the real estate, taking the title in the name of Mrs. File. There is also evidence tending to support the finding of the court that the money received from the appellee was used in the purchase of the real estate.

The appellants testify to having various other sums of money of their own, but the evidence relating to this was of such a character that the court may have discredited and disbelieved it.

There is no such failure of evidence to support the finding as to justify a reversal of the judgment on this account.

It is next urged that the court erred in allowing one Victor Bisch, a witness on behalf of the appellee, to testify to a statement made by one Walker when testifying as a witness in the trial of a certain proceeding supplemental to execution in the case of Wassem *et al. v.* Springel *et al.*, to the effect that he had made an entry on the bank books of the bank with which he was connected upon Mrs. File's account, in the words, "Do not tell any body, because Mrs. File had told him not to tell any body at the time she left the money."

It is unnecessary to determine whether this ruling of the court was error or not, for if error it was harmless, as Mrs. File herself admitted when on the witness-stand that she did make such statement. There is no controversy about the fact that she made such statement, and certainly no harm resulted to the appellants on account of the statement made by the witness Bisch.

It is also contended that the court erred in admitting certain evidence, of an inventory filed by the appellant William P. File of his property, asking an exemption of his property from sale on execution, also the introduction of a mortgage executed by the appellants to one W. H. File. In view of the testimony of the appellants in relation to their property, this evidence was competent, and there was no error in the admission of it. It is further contended that the court erred in allowing John Waltz to testify about his hav-

ing a mortgage, the commencement of a suit in foreclosure, and that he afterwards took a conveyance of the property, paying Mrs. File $60, on the grounds that such testimony related to matters of record, and could be best proven by the record.

The contents of the record and the deed could not be proven by parol, but it was not error to permit the witness to testify to the fact that he held a mortgage, that he commenced a suit, and afterwards accepted a deed for the property, paying Mrs. File $60.

We have carefully examined all the questions presented in the case, and find no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Oct. 5, 1892.