## CONSOLIDATED TRACTION COMPANY v. JORDAN.

[No. 5,489.    Filed October 3, 1905.]

1. EMINENT DOMAIN.—*Damages.*—*Measure.*—*Interurban Railroads.*—The measure of damages for the appropriation of lands by an interurban railroad company for its right of way is the difference in value of the tract immediately before and after such appropriation.    p. 157.

2. EVIDENCE.—*Eminent Domain.*—*Value of Land.*—*Opinion.*—*Competency of Witness.*—Where a witness has shown knowledge of the lands appropriated by an interurban railroad company for a right of way, he is competent upon the facts shown to testify to the value of such land, the weight of such evidence being for the jury.    p. 158.

3. SAME.—*Exclusion of.*—*Eminent Domain.*—*Damages—Harmless Error.*—The exclusion of the testimony of a witness as to the value of appropriated lands is not reversible error where it is shown that a great number of witnesses had already testified to about the same amount of damage.    p. 159.

4. SAME.—*Eminent Domain.*—*Damages.*—*Grade.*—Evidence is admissible, in an interurban railroad company's appropriation of plaintiff's land for its right of way, to show that the grade of the road will necessitate a cut along the side of plaintiff's lands.    p. 159.

From Hendricks Circuit Court; *Thomas J. Cofer,* Judge.

Condemnation proceedings by the Consolidated Traction Company against John A. Jordan. From a judgment assessing damages, such company appeals. *Affirmed.*

*James L. Clark, for* appellant.
*Thad. S. Adams* and *Brill & Harvey,* for appellee.

WILEY, C. J.—Appellant filed its instrument of appropriation in the office of the clerk of the Hendricks Circuit Court, by which it sought to appropriate for its right of way certain lands belonging to appellee. Such proceedings were had that appraisers were appointed and filed their report of damages assessed in favor of appellee. Within the time fixed by statute appellee filed his excep-

tions to the report on account of the inadequacy of the damages assessed. Upon the issues joined by the instrument of appropriation and appellee's exceptions thereto, the cause was tried before a jury, resulting in a general verdict assessing his damages at $550.

Appellant's motion for a new trial was overruled, and the only error assigned is the ruling on such motion. A reversal is asked upon three grounds: (1) Because the court erred in giving instruction number three; (2) because of the admission of certain evidence on behalf of appellee; (3) because the court refused to admit certain evidence on behalf of appellant.

The instruction complained of is as follows: "The question which you are called upon to try is to ascertain how much damage the plaintiff, Jordan, will sustain by reason of the appropriation of his real estate and the construction of the road thereon. This question you will determine by finding the value of the land that remains after the company has appropriated its right of way and built its road, and by determining the value of the entire lot as it now is, and, deducting one from the other, the difference will be the measure of plaintiff's damage." The measure of damages to a landowner for land appropriated for a railroad right of way is the difference in the value of the real estate at the time of the appropriation and the value of the residue after the strip is taken under the appropriation proceedings. *Chicago, etc., R. Co.* v. *Mason* (1901), 26 Ind. App. 395; *Evansville, etc., R. Co.* v. *Swift* (1891), 128 Ind. 234; *Indianapolis, etc., R. Co.* v. *Pugh* (1882), 85 Ind. 279; *Indiana, etc., R. Co.* v. *Allen* (1885), 100 Ind. 409. While the instruction complained of does not announce this rule in as clear and explicit language as it might, we do not think that it materially departs from the rule which is so well established in this State. We do not think there was any error in giving this instruction.

Complaint is made because the trial court, over the objection of appellee, refused to allow a witness, Logan S. Halfacre, to answer a question as to the value of appellee's real estate just as it was at the date of the trial without any railroad on it. It is contended by counsel for appellee that the court correctly sustained the objection on the ground that the witness had not shown himself competent to answer it. Appellee's land was in the town or village of Pittsboro. The witness lived about two miles north of Pittsboro, where he owned real estate and had lived for about eighteen years. The witness disclosed by his answers to preceding questions that he knew the location and surroundings of appellee's land; that he had made measurements of this particular land with reference to the buildings upon it, the amount appropriated for the right of way, the particular manner and direction in which the proposed road would pass over and through it, and that he observed there were some fruit trees upon it. It was also disclosed by his evidence that he was not familiar with the value of lands in the neighborhood of Pittsboro, and that he knew of only one transfer. Upon these facts it is urged by counsel for appellee that he had shown himself incompetent to express an opinion as to the value of appellee's land, both before and after the appropriation for right of way. The rule in this State is that, where a witness has testified to knowledge of the very property in controversy, he is competent to give his opinion as to its value, basing such opinion upon the facts to which he has already testified. *Evansville, etc., R. Co.* v. *Fettig* (1891), 130 Ind. 61; *Smith* v. *Indianapolis, etc., R. Co.* (1881), 80 Ind. 233; *Chicago, etc., R. Co.* v. *Burden* (1896), 14 Ind. App. 512. Under these authorities it was error for the court to refuse to permit the witness to answer the question. In this connection it was said in *Evansville, etc., R. Co.* v. *Fettig, supra:* "The extent of the witness's information affects the weight of

his testimony, but not its competency. Special knowledge relating to the value of lands in that locality would, no doubt, add value and weight to his opinion."

Considering the whole record, however, we do not think the error in refusing to allow the witness to answer the question as to the values is sufficient to reverse the judgment. Appellant offered to prove by the witness, in answer to the question, that the value of appellee's land without the railroad was $1,200, and with it was $1,000. The record shows that appellant introduced a great number of witnesses to prove the value of appellee's land before and after the construction of the railroad. These several witnesses placed the value of the land with the road constructed at from $45 to $150 less than it would be without the road. In the light of these facts we can not believe that appellant was prejudiced by the exclusion of the evidence.

It is next insisted that it was error to permit a witness to answer, over appellant's objection, the following question: "Now, then, tell what kind of a cut this road has, whether or not they have it cut down there part of the work done on this road as it approached the east end?" (We have quoted the question literally.) The answer was: "There is a cut that comes up there to the ground where they aim to use at the east end." Both the question and the answer seem almost unintelligible; but, from the context, it appears that an attempt was made to show that there was a cut in the grade along by appellant's land. We are unable to see any error in the admission of this evidence. This disposes of all the questions discussed.

Judgment affirmed.