SOUTHERN INDIANA GAS AND ELECTRIC COMPANY *v.* JONES ET AL.

[No. 29,777. Filed March 31, 1960. Rehearing denied April 26, 1960.]

436

Ortmeyer, Bamberger, Ortmeyer & Foreman, of Evansville, and John A. Posey, of Rockport, for appellant.

Paul F. Mason, of Rockport, and R. Owen Williams, of Evansville, for appellees.

LANDIS, J.—Appellant utility brought these condemnation proceedings pursuant to the Eminent Domain Act,[1] to acquire an easement for electric transmission lines over and across certain lands owned by appellee Frank Jones in Warrick County, Indiana. The appraisers appointed by the court fixed the damages in the amount of $3,500.00. Appellant paid the amount to

1. Burns' §3-1701 (1946 Replacement), being Acts 1905, ch. 48, §1, p. 59.

the clerk and both appellant and appellees excepted to the award. The cause was tried by a jury resulting in a verdict for appellees in the amount of $5,500.00.

Appellant appeals from the judgment rendered on the verdict assigning as error the overruling of the motion for new trial.

Appellant's first contention is the verdict is not sustained by sufficient evidence as appellees' witnesses who testified concerning the damages to appellees' land failed to relate their opinions as to value or damages to the date of February 13, 1957, which is the date appellees were notified of the filing of appellant's complaint.[2]

An examination of the record reveals that witness Frank J. Jones, who was a son of appellees and a real estate agent, testified he was familiar on February 11, 1957, with real estate values in the section where this land was located and in his judgment appellees sustained damages in the total amount of $6,000.00. This evidence was not objected to by appellant and its weight was for the jury but it was certainly sufficient for the jury to base their verdict upon in concluding that the damages to appellees two days later, to-wit, on February 13, 1957, were in the amount of $5,500.00. The presumption that a state of facts once proved to exist is presumed to continue for a length of time has been held applicable to matters relating to the value of property. See: *People* v. *Miller* (1937), 2 N. Y. S. 2d 444; 31 C. J. S., "Evidence," §124

---

2. Burns' §3-1706 (1946 Replacement), provides:
". . . For the purpose of assessing compensation and damages, the right thereto shall be deemed to have accrued at the date of the service of the notice provided in section three [§3-1703], and its actual value, at that date, shall be the measure of compensation for all property to be actually taken and the basis of damages to property not actually taken but injuriously affected, except as to the damages stated in the fourth clause hereof." Acts 1905, ch. 48, §6, p. 59; 1935, ch. 76, §3, p. 228.

(3), p. 742. It follows that appellant's contention is without merit.

Appellant's second contention is that the court erred in refusing to give to the jury appellant's requested instruction No. 9 which would have told the jury in substance that appellees could continue to make any use of the property which did not affect the use and exercise of the easement of appellant. The refusal to give this instruction was not error as the law on the same subject matter was fully covered by appellant's instructions No. 8 and No. 10 which were given by the court. See: *Lindley* v. *Sink* (1940), 218 Ind. 1, 20, 30 N. E. 2d 456, 463, 2 A. L. R. 2d 772.

Appellant's third contention is that the court erred in refusing to give appellant's tendered instruction No. 16 which would have informed the jury that if appellant utility had consented to approve the construction and maintenance of cabins by appellees within the area of the easement, the jury should disregard any opinion as to damages based on an assumption appellees would not be permitted to construct the cabins. This instruction was properly refused by the trial court as it was not based on evidence in the record but was purely speculative and conjectural and would have permitted the jury to assume facts not supported by proof.

Appellant's fourth contention is that the court erred in giving appellees' instructions No. 1 and No. 3 for the reason that the instructions authorized the jury to take into consideration matters not in evidence, to-wit: the matter of assumed interruption of communication from one portion of appellees' land to another, annoyance and inconvenience, if any, occasioned in crossing from one portion of appellees' land to another.

These two instructions were as follows:

## Instruction No. 1

"You may consider, as proper elements of damages, the uses to which the land may be put and the interference with the ingress or egress, the interruption of the communication from one portion of the land to the other, resulting from the construction of said lines upon the land appropriated, the annoyance and inconvenience, if any, occasioned by such construction upon the lands appropriated in crossing from one portion of the land to another, including the going or entering upon said land and the leaving therefrom."

## Instruction No. 3

"In estimating the damages suffered by the owner of the real estate in controversy, you may take into consideration the manner in which the land is divided by the lines of the plaintiff as affecting the size and shape of said tract, as affecting the access to the various portions of defendants' said lands, and as affecting the passage from one part of said lands to another, to which may be added any other things either annoying or hurtful and necessarily incident to the permanent location and operation of plaintiff's power lines across defendants' premises. The rule in condemnation proceedings is that all damages, present or prospective, that are the natural or reasonable incident of the improvement to be made, or work to be constructed, not including such as may arise from negligence or unskillfulness or from wrongful acts of those engaged in the work, must be assessed. Damages are assessed once for all, and the measure should be the entire loss sustained by the owner, including in one assessment all the injuries resulting from the appropriation."

Appellant contends that the above instructions were modeled after the instructions given in *Cleveland, etc. R. Co.* v. *Smith* (1912), 177 Ind. 524, 97 N. E. 164, and *Indianapolis, etc., Traction Co.* v. *Dunn* (1906), 37 Ind. App. 248, 76 N. E. 269, in which

cases the instructions were held not be be reversible error, but says the two cited cases were railroad right of way cases and that the instructions were not applicable to the facts of the case at bar where appellant's transmission line facilities occupy the surface of the land only where towers or other structures supporting the lines are located. While there is obviously a difference here in the nature of the easement from that in railroad right of way cases, we believe the difference is only a matter of degree and that the presence of the permanent tower erected on the easement which was some 80 feet in height and 22 feet square at the base, and the installation of the wires carried by the tower over the premises were sufficient to make the instructions applicable under the facts of this case. The extent of the alleged annoyance and inconvenience with the use of appellees' property under the facts in evidence and pursuant to the law as set forth in such instructions was proper to be considered by the jury.

Appellant has also contended said instruction No. 3 is erroneous for telling the jury they could consider as an element of damage things that are annoying or hurtful, which appellant contends are speculative or conjectural matters. It will be noted the instruction limited the consideration of things annoying or hurtful to such as were necessarily incident to the permanent location and operation of appellant's power lines across appellees' premises. We are of the opinion that said instruction when read in its entirety related to proper matters affecting the market value of appellees' land and that it is not objectionable for the reasons urged by appellant. See: *Chicago, etc., R. Co.* v. *Ader* (1916), 184 Ind. 235, 110 N. E. 67; *Cleveland, etc., R. Co.* v. *Smith* (1912), *supra,* 177 Ind. 524, 545, 97 N. E. 164, 171.

Appellant's fifth contention is that the court erred in giving appellees' tendered instructions No. 5 and No. 7 which are as follows:

## Instruction No. 5

"I instruct you that in assessing the amount of damages the jury are not required as a matter of law to accept the opinion of witnesses as to values, but may exercise their own judgment in determining that question, as well as the amount of damages, after considering all the evidence in this case which may throw any light on the subject of damages sustained by the defendants. In other words, the jury is not bound to take the opinion of any particular witnesses as to the value of the real estate or as to the amount of damages, but that the value of said real estate is to be fixed by the jury after considering all the evidence in the case on the question of damages."

## Instruction No. 7

"The law does not permit the taking of property by a plaintiff for right-of-way purposes, without compensating the owner for the full amount of the damages, that results from the taking of such property. In fixing the amount the defendants shall recover in this action, you may award them such an amount as will fully compensate them for the value of the property taken, and the damages, if any, resulting therefrom, and that will leave them, so far as values are concerned, in as good and favorable a situation as they were in before the appropriation. In determining the amount of damages, if any, that shall be awarded to the defendants, you should consider the amount, if any, which the tract of land of which the property taken is a part was reduced in value by the appropriation and use of the lands by the plaintiff; that is, you may consider not only the value of the part taken, but also the extent to which the value of the balance of said tract was reduced, if any, by the taking, as shown by the evidence."

Appellant argues the instructions were erroneous as they told the jury, or could be interpreted as telling the jury, that the interest taken by appellant utility was a fee simple rather than only an easement for right-of-way, and that the value of the fee simple would obviously be higher than that for an easement.

An examination of the above instructions reveals that they do not use the words "fee simple" and that if such an interpretation of the instructions could be made it would have to come from such general expressions as "value of real estate" and "value of property taken." We do not think the language of these instructions should be considered as a model for cases where less than a fee simple is taken as the language is somewhat ambiguous and uncertain in referring to the value of real estate instead of the value of *the interest* in the real estate taken. However, it appears that the jury were given other instructions informing them that the legal estate acquired by appellant was an easement. We believe when all of these instructions are read in their entirety they can be construed in a manner harmonious with each other, and that the somewhat ambiguous instructions No. 5 and No. 7 objected to by appellant are not so inconsistent or conflicting as to require a reversal of the cause.

Appellant's last contention is that the court erred in admitting into evidence over appellant's objection a plat or map showing the location of appellees' lands and the easement, and upon which map was shown four colored squares within the area of the easement. Appellant asserts the exhibit was inadmissible as the green-colored areas were intended to show an intended specific future use of the property which is speculative and conjectural.

We agree with the correctness of the rule enunciated

by appellant as to the incompetence of evidence in condemnation cases intended to show an intended specific future use of the land.

However, the record shows testimony without objection from the witness Jones that the land embraced in appellant's easement was suitable at the time it was appropriated for the construction of four cabins shown in green on the exhibit.

As the law is well settled that the suitability or adaptability of land for a use or uses other than that to which it was applied at the time of the taking may properly be shown, it is our view that the exhibit was properly admissible on that basis. *State v. Tibbles* (1954), 234 Ind. 47, 123 N. E. 2d 170; *Alberson Cemetery Assn.* v. *Fuhrer* (1923), 192 Ind. 606, 137 N. E. 545.

Finding no reversible error, the judgment is affirmed.

Arterburn, C. J., concurs.

Jackson, J., concurs in result.

Bobbitt, J., dissents without opinion.

Achor, J., not participating because of illness.

NOTE.—Reported in 166 N. E. 2d 127.