STATE OF INDIANA *v.* VAUGHAN ET UX.

[No. 30,087. Filed July 13, 1962.]

*Edwin K. Steers*, Attorney General, and *Frank E. Spencer*, Deputy Attorney General, for appellant.

*Russell I. Richardson*, of Lebanon, *Vaughan & Vaughan, Richard Donahue* and *Charles R. Vaughan*, all of Lafayette, for appellees.

ACHOR, J.—This is an appeal from a judgment in a proceedings in eminent domain brought by appellant to condemn and appropriate certain land of the appellees for use as a right of way by the Highway Department of the State of Indiana. Judgment was rendered for the appellees in the sum of $32,154.90, which sum included $2,154.90 in interest. The land appropriated consisted of 7.501 acres, more or less, located near Tippecanoe River between the cities of Lafayette and West Lafayette.

Appellant has assigned as error the overruling of its motion for new trial. The separate grounds of the motion upon which appellant relies are hereinafter set forth. Grounds 4, 5, 6 and 7 of appellant's motion for new trial all raised similar questions pertaining to appellees' Exhibit No. 1, which was a chart, or drawing, made by the appellee David M. Vaughan, by tracing over a plat prepared by an engineer, upon which plat the witness Vaughan had made certain additional notations which further identified the area shown by the plat. The appellant objected to the admission of the exhibit on the ground that it "constitutes hear-say evidence and that the same is self-serving and not the best evidence of all those things purported to be shown thereon. . . . It shows many things that can only be properly shown, . . . by the records. It shows things there in a projection apparently of plans I don't know of this witness."

Contrary to appellant's contention, a drawing made by a witness, for the purpose of clarifying testimony regarding the location of objects and places which otherwise would be difficult to locate and describe, may properly, within the discretion of the trial court, be received in evidence. *Southern Indiana Gas and Electric Co.* v. *Jones* (1960), 240 Ind. 434, 166 N. E. 2d 127; *Northern Indiana Public Service Co.* v. *Darling* (1959), 239 Ind. 237, 154 N. E. 2d 881; *Ohio Valley Railway and Terminal Company v. Kerth* (1892), 130 Ind. 314, 30 N. E. 298; *United States* v. *Coronado Beach Co.* (1921), 255 U. S. 472, 65 L. Ed. 736, 41 S. Ct. 378; *Pennsylvania R. Co.* v. *Lincoln Trust Co. Admr.* (1929), 91 Ind. App. 28, 167 N. E. 721, reh. denied 170 N. E. 92; 7 Am. Jur., *Proof of Facts,* 609, 610; 2 Jones on Evidence §458 (5th Ed.)

The fact that such sketches or drawings are self-serving does not render them objectionable. Neither does the fact that the subject matter of notations thereon is hearsay to the witness, render the exhibit objectionable, unless they are either directly or indirectly related to the subject matter of the action. For example, neither a notation on the plat, nor the testimony of a witness to the effect that designated parcels of land were owned by specific individuals, was objectionable, so long as the purpose of the evidence was merely to identify or locate other properties with respect to its relationship to the condemned land, which is the subject of the particular controversy. Here, the title to the land identified was not an issue. Therefore, the best evidence rule does not apply to the admission of the plat which ascribed ownership of certain tracts of land as shown on the plat. The best evidence rule applies with respect to proof of ownership only when

the issue of title or ownership is involved. It does not apply when the question of title is not an issue but is merely collateral to the primary question. *Farr* v. *Zoning Board of Appeals* (1953), 139 Conn. 577, 582, 95 A. 2d 792, 794; *City of Chicago* v. *LeMoyne* (1902), C. C. A.-7, 119 Fed. 662, 666; *File* v. *Springel* (1892), 132 Ind. 312, 314, 315, 31 N. E. 1054, 1055; *Roberts* v. *Atlanta Cemetery Ass'n.* (1917), 146 Ga. 490, 492, 91 S. E. 675, 676. 4 Wigmore on Evidence §1253 (3rd Ed.).

Appellant's objection that the exhibit "shows things there in a projection apparently of plans I don't know of this witness," is ambiguous. The fact that the plat showed plans for the projected commercial use of the property, regarding which the witness had not testified, did not render the plat inadmissible. Neither did the fact that the sketch designated certain areas as adaptable for specified uses render the plat inadmissible, so long as testimony regarding the value of the land appropriated was related to the tract appropriated and not to the hypothetically projected subdivisions thereof. *Northern Ind. Pub. Serv. Co.* v. *McCoy et ux.* (1959), 239 Ind. 301, 157 N. E. 2d 181; *United States* v. *Coronado Beach Co., supra; Ohio Valley Railway and Terminal Company* v. *Kerth, supra; Campbell* v. *New Haven* (1924), 101 Conn. 173, 125 Atl. 650.

Also, the state has assigned as error, and here argues on appeal as cause for reversal, the fact that the trial court permitted testimony as to the number of cubic yards of fill which would be required to bring 3 of the 7.501 acres appropriated up to a satisfactory level for commercial use. The objection of the state is as follows: "The state objects to the question as [it is] directed to a matter speculative

in nature and outside the scope of the issue of this cause."

The evidence admitted was not objectionable for the reason stated. It is not error to admit evidence if it is relevant material and competent for any use. If the use for which the evidence is admissible is limited, the burden is on the opposing party to ascertain that the evidence is considered by the trier of the facts for such limited purpose only. In this case, in determining the measure of damages for which the owner is entitled to compensation, the trier of the facts may consider all uses to which the property may be adapted without any basic changes in character. *State* v. *Hamer* (1936), 211 Ind. 570, 199 N. E. 589. In determining the uses to which the property is adapted, it is proper for the trier of the facts to consider the existing businesses or wants of the community, the location and the present physical characteristics of the land appropriated. It must also consider whether the land is presently adapted to the proposed uses or whether a major alteration in the land is necessary in order to make it adaptable for a particular use. The trier of the fact is entitled to consider all these circumstances in determining the value of the property for the uses to which it is adapted.

Thus, in this case, it was proper for the jury to consider testimony regarding the amount of fill which would be necessary to make the land suitable for a possible use ascribed to it by the owner. The fact that the testimony disclosed that it was not presently adapted to such use without substantial alteration or improvement did not make the evidence inadmissible.

Also, it was urged that the court committed error in permitting the witness, W. C. Scheirer, to testify as to the value of appellees' land, because no foundation had been laid showing the qualifications of the witness. The witness was the owner of considerable land adjoining that of the appellees. He was a contractor of many years of experience. He was fimilar with the land of the appellees. He had moved over 100,000 yards of dirt in this area, and had a detailed knowledge of other commercial property in the immediate area, and had an opinion as to the value of the adjacent land, and also of that owned by appellees.

Whether a witness is qualified to testify as an expert is a question for the trial court. There is no fixed standard by which the trial court may determine the qualifications of an expert witness. Rather, the qualification of an expert is a matter which must rest largely within the discretion of the trial court. Under the facts in evidence, we cannot say that the court committed reversible error in admitting the testimony of the witness. The credit to be given the witness, and the weight to be given his testimony is, when admitted, for the jury to determine, based upon his expert knowledge of the subject matter. *Knapp* v. *Ellyson Realty Co.* (1937), 211 Ind. 180, 5 N. E. 2d 973; *Public Utilities Co.* v. *Handorf* (1916), 185 Ind. 254, 112 N. E. 775; *City of Lafayette* v. *Nagle* (1888), 113 Ind. 425, 15 N. E. 1; *Consolidated Traction Co.* v. *Jordan* (1905), 36 Ind. App. 156, 75 N. E. 301; *Evansville and Richmond Railroad Company* v. *Fettig* (1891), 130 Ind. 61, 29 N. E. 407; *Central Indiana Coal Co.* v. *Bedwell* (1942), 111 Ind. App. 565, 41 N. E. 2d 826; *Frankfort and Kokomo R. R. Co.* v. *Windsor* (1875), 51 Ind. 238. 13 I. L. E. *Evidence* §292 (1959).

Furthermore, it was urged that the court committed error in admitting testimony of a Mr. Kelley, as to the value of the land appropriated, and an adjacent area containing a 12.52 acre lake. The appellant, by way of preliminary question, asked the witness if he was receiving a fee for testifying regarding the value of the property. His answer was in the affirmative. He was then asked if he was a registered real estate broker, to which he answered, "I am not." The appellant then objected to the admission of the testimony on the ground that the question asked called for an answer which the witness was not qualified to answer, and that the "evidence would be incompetent and against the public interest in the cause."

In support of its objection, the appellant cites Acts 1949, ch. 44, §§7 and 22, p. 129 [§§63-2407 and 63-2422, Burns' 1961 Repl.], which, generally, provide that only a real estate broker may appraise, or agree to appraise, any real estate or business enterprise or the improvements thereon for a fee or commission. Appellant contends that, under the statute, the witness, not being a real estate broker, was not qualified to testify in the case as to the value of the property, since he was receiving a fee for his services. Appellant's position upon this issue is not tenable. A witness, because of his peculiar knowledge of the type of business involved, may testify as an expert as to the value of the property even though he is not a real estate broker. *Evansville and Richmond R. R. Co.* v. *Fettig, supra; Frankfort and Kokomo R. R. Co.* v. *Windsor, supra; Ferguson* v. *Stafford and Others* (1870), 33 Ind. 162; 18 Am. Jur. *Eminent Domain* §355 (1938) ; 20 Am. Jr. *Evidence* §897 (1939).

The statute upon which appellant relies is not applicable to the circumstances here presented. It applies only to "persons . . . who, . . . for a fee, . . . appraises, or offers or attempts or agrees to appraise . . . any real estate, or business enterprise, or the improvements thereon; . . ." §63-2422, *supra.* The statute was not intended to prevent or restrict the testimony of competent witnesses in a judicial proceedings who may be paid to testify in a case. Rather, it was intended to prevent persons from engaging in the real estate business who are not qualified by their knowledge and experience to engage in such business.

Further, appellant urges that the court committed error in admitting certain testimony, over objection, by witness Hubert Henderson. The witness was asked the following question:

> "Q. Assuming that immediately prior to December 16th, 1958, Mr. Vaughan had approximately twenty acres; that of the twenty acres approximately thirteen acres was in lake and seven and a half acres were in land to the South of the lake, do you have an opinion as to the reasonable value, the fair market value rather, of that land?"

To this question appellant objected, and here argues that the witness had not been qualified as an expert. Bearing upon the subject of the qualification of the witness, it had previously been shown that witness Henderson was the owner of similar property near an Indiana city of comparable size, had made an extensive investigation of commercial fishing lake properties, and that he was familiar with Mr. Vaughan's property and the area in which the lake was located.

Although on cross-examination it developed that the knowledge of the witness regarding commercial fish-

ing lakes was not as great as it was made to appear on direct examination, nevertheless it appears that the witness did have some unique knowledge upon the subject. Therefore, as heretofore stated, the admissibility of his testimony was a matter within the discretion of the trial court. We cannot say that the admission of this testimony was such an abuse of discretion as to require a new trial. And, it appearing that the Vaughan property was adapted for the purpose of a commercial fishing lake, it was proper for the jury to consider its value for that purpose. As previously noted, the weight of such testimony is for the jury to determine.

Further, it was urged that the court erred in sustaining appellees' objection to the following questions propounded to the witness for the appellees during cross-examination by appellant, and in refusing to permit the witness to give his answer thereto, which questions, objection, and ruling of the court thereon, are as follows:

"Q. Mr. Henderson were you in the court room when Mr. Kelley was testifying?
A. Yes, sir.
Q. Did you hear his testimony concerning your place?
A. Yes, sir.
Q. Was the testimony that he did give substantially correct?
The Defendants object to the question as invading the province of the jury.
The Court: Sustained."

In support of this contention, the appellant asserts the general rule that when, as in this instance, the direct examination of the witness has gone into subject, the cross-examination may go into any phase of that subject—including the accuracy of the tes-

timony of other witnesses upon the same subject. *Craig, Exrx.* v. *Citizens Trust Company* (1940), 217 Ind. 434, 450, 26 N. E. 2d 1006, 1012; *Hicks* v. *State* (1937), 213 Ind. 277, 293, 11 N. E. 2d 171, 178. However, under the attending circumstances of this case, we cannot say that by sustaining the objection, the court refused the right of cross-examination and committed reversible error. Although the court refused to permit the witness to answer the broad and general question as to whether or not the testimony of the previous witness regarding his property was substantially correct, the court did permit the witness to testify as to each specific aspect of the testimony of the previous witness as it related to the property of the second witness when specific questions were later propounded. Under these circumstances, there was no denial of the right of cross-examination.

Judgment affirmed.

Arterburn, C. J., and Landis, J., concur.

Jackson, J., concurs in result.

Bobbitt, J., dissents (without opinion).

NOTE.—Reported in 184 N. E. 2d 143.