## McGEE v. KNOWLES.

[No. 868A136. Filed May 27, 1970. Rehearing denied September 9, 1970. Transfer denied December 9, 1970.]

*Forrest Bowman, Jr.,* Indianapolis, for appellant.

*John A. Young, James E. Rocap, Jr., Thomas P. Ledgerwood, Rocap, Rocap, Reese & Young,* of counsel, all of Indianapolis, for appellee.

CARSON, J.—The action below was commenced by the filing of a complaint by plaintiff-appellant alleging that he suffered personal injuries as a result of the negligence of the defendant-appellee which arose out of an automobile accident between the automobile in which the plaintiff was a passenger and an automobile driven by the appellee. The automobile in which the plaintiff-appellant was riding was driven by the appellant's father. After the filing of the original complaint and supplemental complaints, the appellee filed answers under Rule 1-3, Rules of the Supreme Court of Indiana, to both the original and the supplemental complaints, denying the acts of negligence as alleged and denying that any negligence of defendant-appellee was the proximate cause of injury to the plaintiff. The action was tried by jury which resulted in a verdict for the defendant and on which the court entered consistent judgment for the defendant; that the plaintiff recover nothing and that the costs be taxed against the plaintiff.

Following this disposition by the court, the plaintiff-appellant filed motion for a new trial, which motion, omitting caption and formal parts, reads as follows:

"Comes now the plaintiff, Rohney McGee, and moves the Court for a new trial herein for each of the following reasons, to-wit:

"1. Error of law occurring at the trial in that the trial Court erred in refusing to give to the Jury, after being requested to do so by the plaintiff, plaintiff's written tendered instruction No. 7.

"2. Error of law occurring at the trial in that the trial Court erred in refusing to give to the Jury, after being requested to do so by the plaintiff, plaintiff's written tendered instruction No. 10."

The sole assignment of error is that the court erred in overruling the plaintiff-appellant's motion for a new trial.

This case is, therefore, presented to us upon the questions raised by the motion for new trial, which specifications were predicated upon the court's refusal to give two of the Plaintiff's Tendered Instructions, namely, No. 7 and No. 10.

Instruction No. 7 tendered by the plaintiff reads as follows:

"It is the law of this state, that, where an injury is caused by the concurrent negligence of two parties, the injured person may recover from either or both, and neither can successfully interpose as a defense the fact that the concurrent negligence of the other contributed to the injury."

We call attention to the final instruction given by the court, which is No. 14, and which reads as follows:

"Where an injury is proximately caused by the concurrent negligence of two or more parties, the injured person may recover from any or all of such parties, provided that there was no contributory negligence on the part of the injured person; and none of the parties concurring in such negligence may interpose as a defense the fact that the negligence of the other contributed to the injury."

We feel that this instruction covers the same theory as Plaintiff's Tendered Instruction No. 7, which was refused.

Plaintiff's Tendered Instruction No. 10 reads as follows:

"I instruct you that the defendant has the burden of proving the existence of a joint enterprise, if any."

We call attention to Court's Final Instructions Nos. 4, 12 and 13, which read as follows:

### "COURT'S FINAL INSTRUCTION NO. 4

"In order to recover in this action, the plaintiff has the burden of proving by a preponderance of the evidence that the defendant committed some one or more of the acts of negligence charged in the complaint, that he himself suffered some one or more of the injuries alleged in the complaint, and that all of the remaining material allegations of the complaint are true.

"If the defendant raised the issue of whether the plaintiff was guilty of some negligent act or omission which proxi-

mately contributed to cause the injuries of which he now complains, the burden is on the defendant to prove the affirmative of that issue by a preponderance of the evidence."

## "COURT'S FINAL INSTRUCTION NO. 12

"If you find that Farriel McGee and Rohney McGee were engaged in a joint enterprise, as defined in these instructions, any negligence on the part of Farriel McGee is also negligence on the part of Rohney McGee."

## "COURT'S FINAL INSTRUCTION NO. 13

"The question of contributory negligence on the part of the plaintiff is an issue in this case. If plaintiff was guilty of negligence that proximately contributed to his injury then plaintiff cannot recover even though the defendant may have been negligent.

"The defendant has the burden of proving by a preponderance of the evidence that plaintiff was guilty of such negligence."

It is a basic rule set out in numerous cases that if the instructions tendered by either party are within the issues as defined by the pleadings and supported by evidence adduced at the trial and are in furtherance of the theory of the complaint or of the defense, it is usually error for the court to refuse to give them. There are several exceptions to this rule. The one urged for our consideration is that the subject matter of the refused instructions was adequately covered by other instructions tendered by the parties and given by the court advising the jury of the same subject matter as covered by the tendered instructions, and also by the court's final instructions. In taking this position, the party opposing the specification of error has the burden of showing that the instructions, as given, did cover the subject of instructions refused so that it can be properly said that the jury was fully and fairly instructed on all of the issues in the case to which the jury should give consideration in arriving at its verdict. We hold that the appellee sustained this burden.

The record shows that the court gave nine preliminary instructions prior to the introduction of evidence; that plaintiff tendered ten instructions, all of which were given except Instructions Nos. 1, 3, 7 and 10; that the defendant tendered nine instructions, all of which were given except Instructions Nos. 1 and 6; that the court on its own motion gave a total of fourteen instructions, making thirty-six instructions in all.

The final instructions given by the court, together with the instructions tendered by the plaintiff and given, and the instructions tendered by the defendant and given, comprise the total instructions given to the jury at the conclusion of the evidence and prior to the jury retiring to deliberate upon a verdict.

By setting out verbatim Court's Final Instructions Nos. 4, 12, 13 and 14, we are not necessarily approving those as model instructions. We are merely applying the rule enunciated by our Supreme Court in *Greenwalt* v. *State* (1965), 246 Ind. 608, at 624, 209 N. E. 2d 254, at 261, where the court said:

> "As this court has held before, it is not error to refuse to give an instruction, notwithstanding it states a correct principal applicable to the case, if it has already been covered substantially or adequately by other instructions given."

See also *Davison* v. *Williams* (1968), 251 Ind. 448, 242 N. E. 2d 101.

It is our opinion that the theory covered by the final instructions of the court sufficiently includes the theory covered in Plaintiff's Tendered Instruction No. 10 which was refused.

The theory which formed the basis for Plaintiff's Tendered Instruction No. 10 was that in establishing contributory negligence of the plaintiff under a theory of joint enterprise and imputed negligence, it was incumbent upon the defendant to establish the joint enterprise. Instruction No. 10, tendered by plaintiff, stated this theory more concisely than did the court's instructions and plaintiff's said instruction should have been given by the court. However, in our opinion, the refusal of the

court to give plaintiff's instruction did not constitute reversible error as those instructions which the court gave sufficiently apprised the jury that the burden rested upon the defendant to prove contributory negligence of the plaintiff and that said negligence of the plaintiff could be established by proof of a joint enterprise with Farriel McGee's negligence, if any, being imputed to plaintiff-appellant.

Having examined the record before us in this case, we conclude that the jury was fully and fairly instructed, that the jury arrived at a just verdict, and that no error was committed by the trial court in refusing to give plaintiff's Instructions Nos. 7 and 10.

The judgment of the trial court should, therefore, be affirmed.

Judgment affirmed. Costs taxed against appellant.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 417.