INDIANA & MICHIGAN ELECTRIC CO. *v.* JACK STEVENSON, CHARLES DRESSLER, RITA DRESSLER.

[No. 1-475A72. Filed November 17, 1975. Rehearing denied December 22, 1975. Transfer denied June 2, 1976.]

*Thomas W. Yoder, Livingston, Dildine, Haynie & Yoder,* of Fort Wayne, *John M. Baumunk,* of Brazil, for appellant.

*Luther G. Johnson, Mann, Mann, Chaney, Johnson & Hicks,* of Terre Haute, *Georgia N. Craig, Craig & Craig,* of Brazil, for appellees.

LYBROOK, J. — Defendant-appellant Indiana & Michigan Electric Company (IMEC) appeals from the denial of its counterclaim for preliminary injunction, presenting for review the issue of whether the trial court abused its discretion in denying IMEC's application for preliminary injunction.

The record reveals that during October, 1974, IMEC was in the process of obtaining easements for construction of a 765,000 volt electrical transmission line in Clay County. After unsuccessfully attempting to negotiate voluntary easements with plaintiffs-appellees Stevenson and Dressler, IMEC, pursuant to IC 1971, 32-11-1-1 (Burns Code Ed. 1975 Supp.), entered upon the tracts of land owned by plaintiffs to survey and examine them and to lay out a preliminary centerline for the transmission line. In pertinent part the statute provides:

"32-11-1-1 [3-1701]. *Entry, survey, effort to purchase, title.*—Any person, corporation or other body having the

right to exercise the power of eminent domain for any public use, under any statute, existing or hereafter passed, and desiring to exercise such power, shall do so only in the manner provided in this chapter [32-11-1-1—32-11-1-13] except as otherwise provided herein. *Before proceeding to condemn, such person, corporation or other body may enter upon any land for the purpose of examining and surveying the property sought to be appropriated or right sought to be acquired;* and shall make an effort to purchase for the use intended such lands, right-of-way, easement or other interest therein or other property or right. . . ." (Emphasis added.)

In the course of the survey, IMEC's agents removed without plaintiffs' permission, small trees, brush, unharvested corn, and one "good-sized tree" about 24 inches in diameter, all of which were allegedly located in the surveyor's line of sight. When plaintiffs discovered the damage, they filed separate actions (which were later consolidated) seeking both compensatory and punitive damages. In addition to answering both complaints on their merits, IMEC filed a counterclaim to each complaint seeking injunctive relief. The counterclaims prayed that plaintiffs be restrained and enjoined from hindering, delaying, obstructing or otherwise denying IMEC its right to enter the land in question for purposes of surveying, making boring tests, and staking out rights-of-way, and easements to be condemned for purposes of the proposed transmission line.

After consolidation of the cases, trial was held on IMEC's application for injunctive relief. Same was denied, and this appeal followed.

Basically, IMEC's argument is that since it has a statutory right to enter plaintiffs' land in order to survey and examine the same, it is entitled to injunctive relief prohibiting plaintiffs from obstructing that right. The glaring fallacy in IMEC's position is that it has failed to show either this court or the trial court in what manner, if at all, plaintiffs are obstructing its right to enter the lands. In its brief, IMEC says:

"Appellee-landowners responded by filing separate lawsuits for alleged 'trespass and destruction of property', in the Clay Circuit Court . . ., seeking recovery of nominal actual damages for destruction of growing trees and unharvested corn ($300 in the *Stevenson* Case and $400 in the *Dressler* Case) and $1,000,000, in 'punitive damages', in each case.

"A more telling method of obstruction to appellant-utility's efforts would be hard to imagine."

Apparently, IMEC is asserting that plaintiffs' acts of filing lawsuits for damages constitute an obstruction of IMEC's rights under IC 1971, 32-11-1-1, *supra*. Indeed, this position was reiterated during argument of this cause. It must therefore follow that in seeking to enjoin plaintiffs' obstruction of IMEC's rights, IMEC is in essence attempting to enjoin plaintiffs from proceeding with their actions for damages. It would indeed be an unusual rule of law that would sanction such a result.

While IC 1971, 32-11-1-1 *supra,* grants IMEC the right to enter plaintiffs' land in order to survey and examine it prior to condemnation proceedings, it does not permit IMEC to destroy trees, crops, brush, or any other portions of the realty in carrying out those activities. When such destruction occurs, the party responsible for the destruction must answer. We therefore refuse to accept IMEC's argument that plaintiffs' actions for damages must be enjoined.

If IMEC's argument were accepted and the injunctive relief granted, the result would be that plaintiffs would be enjoined from continuing their suits for damages—the conduct which IMEC claims is obstructing its right under IC 32-11-1-1, *supra*. Such a result would constitute a blatant violation of Article I, Section 21 of the Constitution of the State of Indiana, which provides:

". . . No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

The reason for the constitutional infirmity in IMEC's argument is that if accepted, it would permit IMEC to destroy plaintiffs' property and then enjoin plaintiffs' suits to recover for such destruction. Moreover, even if plaintiffs' lands are later condemned, they would not receive compensation in that action for the destruction since the damages in condemnation accrue as of the date of taking. *First National Bank of Mishawaka* v. *Penn-Harris-Madison School Corp.* (1968), 250 Ind. 453, 237 N.E.2d 108.

Clearly, the trial court did not abuse its discretion in denying IMEC's application for injunctive relief. The judgment is therefore affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 337 N.E.2d 150.