GARDNER WEBER *v.* INDIANA BELL TELEPHONE COMPANY.

[No. 1-475A65.  Filed March 17, 1976.]

*Charles L. Berger, Berger and Berger,* of counsel, of Evansville, for appellant.

*Bruce N. Cracraft, Harold L. Folley,* of Indianapolis, *F. Wesley Bowers, Paul E. Black, Bowers, Harrison & Kent,* of Evansville, for appellee.

LYBROOK, J.—Plaintiff-appellant Weber appeals from the granting of a summary judgment in favor of defendant-appellee Indiana Bell Telephone Co. (Bell), challenging the propriety of the trial court's ruling.

The record reveals that on May 8, 1973, Bell entered upon Weber's land without obtaining prior express consent for the purpose of installing underground cable service to Weber's telephone. From damage allegedly sustained by Weber in this incident, suit was filed against Bell seeking recovery on separate counts of trespass and negligence. Bell's motion for summary judgment as to the trespass count was sustained on October 8, 1974, thereby prompting this appeal.

Since this is an appeal from the sustaining of a motion for summary judgment pursuant to Ind. Rules of Procedure, Trial Rule 56, this court's scope of review is limited to certain well defined standards. A motion for summary judgment should only be granted where the pleadings, depositions, answers to interrogatories, admissions on file together with any affidavits and testimony reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Pallikan* v. *Mark* (1975), 163 Ind. App. 178, 322 N.E.2d 398. Moreover, in determining whether a genuine issue of material fact exists, the facts set forth by the opponent's affidavits must be taken as true, *Podgorny* v. *Great Central Insurance Co.* (1974), 160 Ind. App. 244, 311 N.E.2d 640, and any doubt as to the existence of a genuine issue of material fact must be resolved against the proponent of the motion. *Surratt* v. *Petrol, Inc.* (1974), 160 Ind. App. 479, 312 N.E.2d 487. Applying these standards to the case at bar, we are compelled to conclude that the trial court erred in granting Bell's motion.

Bell argues that pursuant to its General Rules and Regula-

tions approved by and recorded with the Public Service Commission of Indiana, it had a license to enter upon Weber's land and that its entry could therefore not have constituted a trespass. Specifically, Bell points to Tariff P.S.C.I. No. T-6, which in pertinent part provides:

> "The Telephone Company shall have the right of access to a customer's premises for its employees and agents at any reasonable hour for the purpose of installing, repairing, testing or removing its equipment and facilities and for the purpose of collecting from coin boxes."

Bell maintains that since its entry upon Weber's land was for the purpose of installing equipment, this tariff provides a license, and the entry as a matter of law could not have constituted a trespass. Bell therefore urges that we affirm the trial court's ruling.

While we agree that the above tariff grants Bell a license to enter Weber's land, such is not dispositive of this appeal. Weber's complaint and affidavit alleges that certain of his property was damaged by Bell during its entry upon his land. In our opinion, these allegations which for purposes of this appeal must be taken as true demonstrate the existence of a genuine issue of material fact, that being whether in the course of its entry on Weber's land Bell exceeded the scope of its license and in so doing committed a trespass damaging Weber's property.

This court reached a similar result in the case of *Indiana & Michigan Electric Co.* v. *Stevenson* (1975), 166 Ind. App. 517, 337 N.E.2d 150. In that case, IMEC entered upon Stevenson's land pursuant to a license granted by IC 1971, 32-11-1-1 (Burns Code Ed.) in order to survey and examine property sought to be condemned for a utility right-of-way. After damaging the real estate, IMEC sought refuge behind IC 1971, 32-11-1-1, *supra*, claiming the statutory right to enter was dispositive. This court held that even though the statute gave IMEC the right to enter the land, it did not give IMEC the right to destroy or damage

the land in so doing. Similarly, in the case at bar, though the tariff clearly gives Bell the right to enter Weber's land it does not provide a license to use, damage or destroy the land in a manner inconsistent with the license. Thus, Weber's allegation concerning the damage to his property presents a material issue of fact which cannot be decided by means of summary judgment. If the scope of the license granted by the tariff has been exceeded by Bell, and damage has been suffered by Weber, an action in trespass will lie.

The judgment below must therefore be reversed and the cause remanded with instructions to overrule Bell's motion for summary judgment.

Reversed and remanded with instructions.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 343 N.E.2d 786.