HIDDEN VALLEY LAKE, INC. *v.* ALFRED KERSEY AND REBECCA KERSEY.

[No. 1-775A125. Filed June 8, 1976. Rehearing denied July 16, 1976. Tansfer denied September 30, 1976.]

*Leslie Duvall, Sparrenberger, Duvall, Tabbert & Lalley,* of Indianapolis, *William R. Pfister, Bielby & Pfister,* of Lawrenceburg, for appellant.

*William Wilson, Hooper, Wilson and Hoffman,* of Lawrenceburg, *Bobby Jay Small,* of Indianapolis, for appellees.

LYBROOK, J.—Defendant-appellant Hidden Valley Lake, Inc. appeals from a judgment on a jury verdict in favor of plaintiffs-appellees Alfred and Rebecca Kersey on their complaint for damages arising from the construction of a collector sewer line on the Kerseys' real estate. The following issues are presented for review:

(1)   Whether the Kerseys waived any claim for damages arising from the construction of the sewer line.

(2)   Whether the verdict was supported by sufficient evidence.

(3)   Whether the damages were excessive.

The evidence most favorable to appellees reveals that on or about June 23, 1971, plaintiffs and defendant entered an installment contract for the sale of lot 49 in Hidden Valley Lake Subdivision in Dearborn County. The contract provided a deferred payment price of $5627.50, and disclosed that plaintiffs had tendered a cash down payment of $1095, leaving an unpaid balance of $4532.50 to be paid in 35 consecutive monthly installments of $126 beginning on August 20, 1971. The contract further provided that defendant would retain legal title to the parcel of real estate until such time as plaintiffs had completed their payment obligation, and that at that time defendant would convey the lot to plaintiffs by warranty deed. The contract noted various restrictive covenants which would be contained in the warranty deed. Of importance in the case at bar is the following restrictive covenant:

"7. Hidden Valley Lake, Inc., for itself, its successors and licensees reserves a fifteen (15) foot wide easement along all road rights of way and a six (6) foot wide easement along the side and rear lines of each and every lot for the purpose of installing, operating, and maintaining utility lines and mains thereon, together with the right to trim and/or cut or remove any trees and/or brush and the right to locate guy wires, braces and anchors wherever necessary for said installations, operations or maintenance; together with the right to install, operate and maintain gas and water mains, sewer lines, culverts and drainage ditches and other services and appurtenances thereto, for the convenience of the property owners, reserving also the rights of ingress and egress to such areas for any of the purposes mentioned above. The Sewer District established by the proper authority shall have, and it hereby is, granted the right, along with other authorized utilities, to use the herein reserved easements to install and maintain such central sewer system. . . ."

The warranty deed from defendant to plaintiffs was executed by defendant on June 23, 1971, and recorded by plaintiffs on April 10, 1973. The record however, does not reveal when the deed was delivered to plaintiffs.

The deed contained *inter alia* the following restrictive covenant:

"7. Hidden Valley Lake, Inc., for itself, its successors, assigns, and licensees reserves a fifteen (15) foot wide easement across the front and any side of said lot bordering on a road right-of-way and a six (6) foot wide easement along the side and rear lines of each and every lot for the purpose of installing, operating and maintaining utility lines and mains thereon, together with the right to trim and/or cut or remove any trees and/or brush and the right to locate guy wires, braces and anchors wherever necessary, for said installations, operations or maintenance; together with the right to install, operate and maintain gas and water mains, sewer lines, culverts, and drainage ditches, and other services and appurtenances thereto, for the convenience of the property owners, reserving also the rights of ingress and egress to such areas for any of the purposes mentioned above. . . .

"Further, Hidden Valley Lake, Inc. for itself, its successors, assigns and licensees, reserves for a period of ten (10) years from the date of this instrument or until the sewer

collector line is installed, whichever is first, an easement across said lot at any point and of sufficient width to permit the installation of a sewer collector line and an area 7½ feet on either side as laid. If as a result of such installation the lot is rendered unbuildable then upon demand by grantee, Hidden Valley Lake, Inc. shall refund all money theretofore paid by grantee or credit the same against the purchase price of another lot of grantees' choice as determined by grantees. *Grantees waive all claims for damages arising out of the exercise of the rights of the foregoing easements except damages which may occur to building structures and/or driveways.*" (Emphasis added.)

It should be noted that the waiver of damage provision contained in the deed was not mentioned in the contract.

On or about September 1, 1971, plaintiffs discovered that a sewer collector line had been installed along the entire length of lot 49. During the installation of said sewer line on lot 49, thirty-two (32) trees of various sizes and types had been destroyed. Further, a strip of soil varying from 20 to 50 feet in width had been removed from the entire length of the back of the lot, thereby changing the contour of the lot from a gradual slope to the back line of the lot to an abrupt dropoff of four to five feet.

Trial by jury resulted in a verdict in favor of plaintiffs for $3,100. From a judgment rendered thereon, defendant appeals.

## I.

Initially, defendant maintains that by virtue of the damage waiver provision contained in the deed, plaintiffs waived all damages herein since no damage was done to building structures or driveways. Defendant therefore argues that the judgment below must be reversed. We do not agree.

Ind. Rules of Procedure, Trial Rule 8 (C) imposes the burden of pleading and proving waiver or any other matter of avoidance on defendant in the case at bar. While it appears from the record that defendant failed to plead waiver as an affirmative defense, it further

appears that the matter was litigated by the implied consent of the parties. Ind. Rules of Procedure, Trial Rule 15(B) ; *Indpls. Transit System Inc.* v. *Williams* (1971), 148 Ind. App. 649, 269 N.E.2d 543; *Huffman* v. *Foreman* (1975), 163 Ind. App. 263, 323 N.E.2d 651.

Since defendant had the burden of proof on the issue of waiver at trial, its appeal on that issue is one from a negative finding. In such cases it is well settled that the finding will only be disturbed as being contrary to law where the evidence is without conflict and leads to but one conclusion and the trial court has reached an opposite conclusion. *Link* v. *Sun Oil Co.* (1974), 160 Ind. App. 310, 312 N.E.2d 126.

In the case at bar, there is an evidentiary void as to when the deed in question was delivered to plaintiffs. Since the installment contract failed to contain the waiver provision, we cannot say as a matter of law that plaintiffs were bound by the waiver provision on September 1, 1971. We therefore find no error under the first issue.

## II.

Secondly, defendant argues that the judgment was not supported by sufficient evidence. Again, we do not agree.

When confronted with an allegation of insufficiency of evidence this court, as an appellate tribunal, neither weighs the evidence nor resolves questions of witness' credibility. Rather, we consider only the evidence most favorable to the appellee, together with all reasonable inferences deducible therefrom. If, from that viewpoint, there is substantial evidence of probative value to establish each material element of the cause of action, the judgment will be sustained. *Berkebile* v. *Barnett* (1974), 159 Ind. App. 491, 307 N.E.2d 490.

The evidence at trial disclosed that pursuant to both the installment contract and the deed, defendant had an easement

to enter and use plaintiffs' land for purposes of construction, maintenance and operation of a sewer line. These documents, however, reveal that the maximum width of defendant's easement is fifteen (15) feet. The evidence in the case at bar reveals that the width of the damage to plaintiffs' land ranged from 20 to 50 feet. Since it is well settled that an action for damages will lie where the scope of an easement is exceeded, *Indiana & Michigan Electric Co.* v. *Stevenson* (1975), 166 Ind. App. 517, 337 N.E.2d 150; *Weber* v. *Indiana Bell Telephone Co.* (1976), 168 Ind. App. 508, 343 N.E.2d 786, we find the jury's verdict to be supported by sufficient evidence.

### III.

Finally, defendant contends that the damage award of $3100 was excessive.

This court has often stated that damages will be considered excessive only where the amount assessed is so outrageous as to impress this court as being motivated by passion, prejudice, and partiality. See, *Richmond Gas Corp.* v. *Reeves* (1973), 158 Ind. App. 128, 302 N.E.2d 795 and cases therein cited.

Herein, the evidence most favorable to plaintiffs establishes damages as $2,500 to the lot for the removal of soil and changing of contour, and $1,200 for replacement of the 32 trees. In light of this evidence we cannot say that an award of $3100 is excessive.

No reversible error having been demonstrated, the judgment below is hereby affirmed.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 348 N.E.2d 674.