STATE OF INDIANA *v.* MILTON HIPKISS

[No. 2-376A104. Filed October 4, 1977.]

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellant.

*W. Scott Montross, Townsend, Hovde & Townsend*, of Indianapolis for appellee.

## CASE SUMMARY

BUCHANAN, J.—Defendant-Appellant State of Indiana (the State) appeals from an adverse judgment awarding Ten Thousand ($10,000.00) Dollars to Plaintiff-Appellee Milton Hipkiss (Hipkiss) for personal injuries resulting from being gored by a buffalo at Brown County State Park, claiming one of its tendered instructions should have been given and the damages awarded Hipkiss were excessive.

We affirm.

## FACTS

The facts most favorable to the judgment are:

On September 18, 1971, Hipkiss and his wife were camping in Brown County State Park. After dinner Hipkiss walked over to a group of animal pens. As he stood outside the fence of one of the pens observing a cow buffalo, a male (bull) buffalo charged the open wire and post fence and gored Hipkiss in the groin.

Although there was evidence presented that the buffalo was known to park employeees to be mean and temperamental, there were no warning signs outside the pen.

Hipkiss was taken to the hospital and surgery was performed on the injured area. His total expenses (including medical expenses and two weeks of lost wages) amounted to approximately One Thousand ($1,000.00) Dollars.

Hipkiss testified the wound incapacitated him at work and that he experienced "quite a bit of pain even up until today" (over one year late) . . . and "I have a hole inside that area".

The jury returned a verdict in favor of Hipkiss and awarded him Ten Thousand ($10,000.00) Dollars.

## ISSUES

Issue One

Whether the court erred in refusing to give the State's tendered Instruction No. 1.

Issue Two

Whether the damages awarded were excessive.

PARTIES' CONTENTIONS—As to ISSUE ONE, the State claims the instruction pertaining to proximate cause given by the court did not cover foreseeability.

Hipkiss responds that taken as a whole the instructions given by the court covered all aspects of the law applicable to the case.

As to ISSUE TWO, the State urges that an award of damages which is nine times the actual loss suffered by Hipkiss is excessive as a matter of law.

Hipkiss counters with the argument that there is no indication that the jury was motivated by passion, partiality, prejudice or corruption.

## DECISION

Issue One

CONCLUSION—The court did not err in refusing to give the State's tendered Instruction No. 1.

The tendered Instruction reads as follows:

For the plaintiff to recover from the defendant, plaintiff must establish by a preponderance of the evidence that some negligent conduct by that defendant was a proximate cause of injury to plaintiff.

A proximate cause of an injury is that act or conduct which directly causes or fails to prevent an injury that might reasonably have been anticipated to result and which would not have resulted but for that act or conduct.

It is well established that even if an instruction is a correct statement of the law, error cannot be predicated upon the trial court's refusal to give it if its subject matter is adequately covered by other instructions. *Frankfort v. Owens* (1976), 171 Ind. App. 566, 358 N.E.2d 184; *Chrysler Corp. v. Alumbaugh* (1976), 168 Ind. App. 363, 342 N.E.2d 908; *Honey Creek Corp. v. WNC Development Co.* (1975), 165 Ind. App. 141, 331 N.E.2d 452; *McGee v. Knowles* (1970), 147 Ind. App. 76, 258 N.E.2d 417.

Court's Instruction No. 3 clearly defines the law of proximate cause:

Negligence, either on the part of the Plaintiff or the Defendant, is the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of some thing which a reasonably careful and prudent person would not have done under the same or like circumstances; in other words, negligence is the failure to exercise reasonable or ordinary care.

Reasonable care or ordinary care, on the part of both the Plaintiff and the Defendant, is such care as a reasonably careful and ordinarily prudent person would exercise under the same or similar circumstances.

The term "proximate cause" means that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury complained of and without which the result could not have occurred.

The State complains that Court's Instruction No. 3 does not refer to foreseeability. However, we note that Plaintiff's Instruction No. 2, which was given by the court, takes care of any possible omission in that regard.

. . .

Defendant, State of Indiana, was charged with the duty, not only to use care not to injure the plaintiff by negligent activities, and warn him of latent dangers of which it knew, but was also charged by law with the duty of inspecting the premises to discover possible dangerous conditions and taking the reasonable precaustions [sic] to protect Mr. Hipkiss from dangers which were foreseeable from the arrangement or use of the premises. In this regard, the fact that the premises were open to the public must have been taken into account by the defendant, State of Indiana.

Therefore, if in this case you find that the defendant, State of Indiana, breached any of these duties, then I instruct you the defendant, State of Indiana was negligent.

That proximate cause is discussed in one instruction and foreseeability covered in another is unimportant, for all instructions must be read as a whole and no single instruction need contain all the law applicable to the case. *See Evans v. Breeden* (1975), 164 Ind. App. 558, 330 N.E.2d 116; *Dudley Sports Co. v. Schmitt* (1972), 151 Ind. App. 217, 279 N.E.2d 266.

Issue Two

CONCLUSION—The damages awarded were not excessive.

It has been consistently held in Indiana that in order to reverse an award for damages, the damages must be so excessive as to indicate that the jury was motivated by passion, partiality, prejudice, or corruption. *Hidden Valley Lake, Inc. v. Kersey* (1976), 169 Ind. App. 339, 348 N.E.2d 674; *Richmond Gas Corp. v. Reeves* (1973), 158 Ind. App. 338, 302 N.E.2d 795.

The State attributes substantial significance to the fact that Hipkiss' lost wages and medical expenses were approximately One Thousand ($1,000.00) Dollars and the award was for Ten Thousand ($10,000.00) Dollars. However, no authority is cited, and we know of none, in support of the State's proposition that damages for pain and suffering which are nine times the amount of the pecuniary loss are necessarily indicative of passion or corrupt motive by the jury. *See State v. Daley* (1972), 153 Ind. App. 330, 287 N.E.2d 552.

A verdict will not be set aside unless there is something to show that the jury was influenced by improper considerations or that they misunderstood or misapplied the evidence. *Dudley Sports Co. v. Schmitt, supra.*

The evidence reveals Hipkiss received a deep laceration in the groin which required surgery under general anesthetic at the Terre Haute hospital. He testified he was frequently in pain and that it has been difficult for him to take employment as a manual laborer since the injury. His doctor testified that the nerve ends in the gored area had been interrupted--a permanent condition-- and that the scar tissue which developed would cause pain because of the stress of constant movement in the groin area. Under these circumstances we are unable to conclude that the award went beyond the evidence or that the jurors were motivated by passion, prejudice, or corruption. *Hidden Valley Lake, Inc. v. Kersey, supra; Richmond Gas Corp. v. Reeves, supra; State v. Daley, supra; Dudley Sports Co. v. Schmitt, supra.*

Affirmed.

Sullivan, P.J. and Lybrook, J. (by designation) concur.

NOTE — Reported at 367 N.E.2d 1137.