STATE of Indiana, Appellant (Defendant Below),

v.

Elias T. BOURAS, Administrator of the Estate of Theodora Gianakis, Deceased, Appellee (Plaintiff Below).

No. 1–380A57.

Court of Appeals of Indiana, Fourth District.

July 29, 1981.

Rehearing Denied August 28, 1981.

Theodore L. Sendak, Atty. Gen., Frederick N. Kopec, Deputy Atty. Gen., Indianapolis, for appellant (defendant below).

W. Scott Montross, Townsend, Hovde, Townsend & Montross, Indianapolis, for appellee (plaintiff below).

CHIPMAN, Judge.

Theodora Gianakis was killed in an automobile accident on Indiana 47 near Crawfordsville, Indiana. The administrator of her estate, Elias Bouras, sued the State of Indiana for her wrongful death, alleging negligent design, construction and mainte-

nance of the highway, and recovered $300,-000. This appeal by the defendant alleges error in the Shelby Superior Court jury trial. At issue is the court's refusal to give certain jury instructions, the admission of testimony, the size of the verdict and the sufficiency of the evidence. We affirm.

## ISSUES

Specifically, we are concerned with the following issues:

1. Whether the court abused its discretion in refusing to give the following two jury instructions:

a. "You are instructed that in order for the plaintiffs to recover against the State of Indiana, they must prove by the preponderance of the evidence that the State of Indiana negligently failed to perform a legal duty owed to William and Theodora Gianakis which proximately caused their deaths. If you do make such a finding in favor of the plaintiffs, then and only then can you consider damages. At that point, you are hereby instructed that the State of Indiana, by law, can be held liable for no more than Three Hundred Thousand Dollars ($300,000.00) for the death of each person."

b. "In order for the plaintiffs to recover against the defendant, State of Indiana, the plaintiffs must prove by a preponderance of the evidence that the State negligently failed to perform a legal duty owed to Mr. and Mrs. Gianakis. In order to find that the State of Indiana failed to perform a legal duty, you must find that the State of Indiana had reasonable knowledge of facts and circumstances which would alert it to the harm. If the State of Indiana did not have reasonable knowledge of facts and circumstances to alert it to the harm and did not have a reasonable time to act upon knowledge to rectify that harm then you may find for the State of Indiana and against the plaintiffs."

2. Whether the court abused its discretion in permitting a state trooper to offer his opinion as an expert about the cause of the accident. And, if so, whether the other evidence alone was sufficient to support a jury verdict of negligence.

3. Whether the evidence presented was sufficient on which to base an award of $474,712 (reduced to $300,000) for the loss of a mother and housewife unemployed outside the home.

4. Whether the court committed error in permitting the plaintiff to tender 20 jury instructions without a showing of cause or advance notice to the defendant.

5. Whether the court improperly overruled a motion in limine intended to block trial testimony about earlier accidents which the State contends were dissimilar.

## FACTS

Theodora Gianakis, 39, died in a one-car accident on the morning of October 9, 1976, just south of Crawfordsville on Indiana 47. Her husband William, 38, who was driving, died a few days later from injuries suffered in the crash. An only son, "Bobby," 12, survived with minor injuries.

The southbound Gianakis car failed to negotiate a curve while traveling about 50 mph. The auto went onto a soft shoulder, swerved back sharply on to the highway and skidded off again, rolling several times. The highway surface was new and the weather clear. No advisory speed sign was posted.

Investigating State Trooper Thomas Rehling testified as an expert witness at trial. In his opinion the proximate cause of the accident was improper banking of the highway. Willard Alroth, a traffic engineer, hired by the plaintiff as an expert, also testified the curve was not properly banked to be negotiated safely at the general 55 mph speed limit. Plaintiff introduced evidence of eight other accidents at the location during the previous nine months. Alroth testified five of them had similar patterns, although they involved a variety of vehicles and weather conditions.

The jury awarded Theodora's estate $474,712. Pursuant to the State's liability limit under the Tort Claims Act, IC 34–4–

16.5–4,[1] the court entered judgment of $300,000. The jury failed to reach a verdict for William, and the court scheduled a new trial.

## DISCUSSION

### I. Jury Instructions

The court rejected two of the defendant's tendered jury instructions. Giving instructions is entrusted to the trial court's discretion, and its refusal to give a tendered instruction is grounds for reversal only if the substance of the instruction was required to be given and was not adequately covered by other instructions given by the court. *Smith v. Insurance Company of North America*, (1980) Ind.App., 411 N.E.2d 638; *Piwowar v. Washington Lumber and Coal Company*, (1980) Ind.App., 405 N.E.2d 576. A tendered instruction is required to be given only if it covers an essential element of the case supported by evidence, correctly states the law material to the case and when no other instruction covers that area of the law. *Dahlberg v. Ogle*, (1978) 268 Ind. 30, 373 N.E.2d 159; *Davis v. State*, (1976) 265 Ind. 476, 355 N.E.2d 836; *School City of Gary v. Claudio*, (1980) Ind.App., 413 N.E.2d 628; *Burkett v. Crulo Trucking Co.*, (1976) 171 Ind.App. 166, 355 N.E.2d 253; *Jackman v. Montgomery*, (1974) 162 Ind. App. 558, 320 N.E.2d 770.

### A. Instruction on Limit of State's Liability

The first instruction refused concerns the $300,000 statutory limit on state liability. Before trial, the court had overruled a defendant's motion for partial summary judgment limiting recovery to the statutory maximum and sustained a plaintiff's motion in limine forbidding any reference to the statutory limit. At the close of trial, the State tendered its jury instruction on the limit, and the court refused it, thus automatically preserving the question for appeal. *Duchane v. Johnson*, (1980) Ind. App., 400 N.E.2d 193.

The Tort Claims Act limits the financial liability of the State. It does not give the jury a scale for determining damages nor is it material to evaluating injury or loss. The jury is charged with assessing the amount of damages, IC 34–1–22–1, in light of the evidence presented, *Barrow v. Talbott*, (1981) Ind.App., 417 N.E.2d 917, not with determining the distribution of proceeds in light of public policy.

The Tort Claims Act liability limit was not at issue in the Gianakis case, accordingly the instruction was neither a correct statement of the law on an essential element nor was it supported by any evidence. Rather, the instruction was likely to mislead the jury into believing it provided a scale for the measure of damages. The statute was immaterial and the court was correct in refusing to give the instruction.

### B. State's Knowledge of Dangerous Condition

The second instruction refused by the court was one advising the jury of a need for the State to have reasonable knowledge of a dangerous condition before being found negligent. In Indiana the State has a general duty to exercise reasonable care in the design, construction and maintenance of its highways for the safety of public users. *Elliott v. State*, (1976) 168 Ind.App. 210, 342 N.E.2d 674. The standard of care is that which would be exercised by an ordinary prudent person under the circumstances. *Miller v. Griesel*, (1974) 261 Ind. 604, 308 N.E.2d 701.

This general duty of care arises regardless of whether the State has actual knowledge or notice of a defect. Where there is actual knowledge by the State of an unsafe condition, it is obviously unreasonable and imprudent not to act to remedy the danger. However, the State also is chargeable with

1. IC 34–4–16.5–4. "Limitation on amount of liability.—The aggregate liability of all governmental entities does not exceed three hundred thousand dollars [$300,000] for injury to or death of one [1] person in any one [1] occurrence and does not exceed five million dollars [$5,000,000] for injury to or death of all persons in that occurrence. A governmental entity is not liable for punitive damages."

knowledge of a dangerous condition when the condition is of such a nature the State authorities or its agents could in the exercise of reasonable diligence, have discovered and corrected it. *Board of Commissioners of Delaware County v. Briggs*, (1975) 167 Ind.App. 96, 337 N.E.2d 852, rehearing denied, 167 Ind.App. 96, 340 N.E.2d 373. Where there is actual or constructive knowledge of an unsafe condition, there is a breach of the duty of care if the state does not act. On the other hand, where there is neither actual nor constructive knowledge of a dangerous condition, so that even the reasonably prudent person would not have been alerted to action, then there is no negligence.

The defendant's brief correctly states the law in quoting from *City of Indianapolis v. Bates*, (1976) 168 Ind.App. 555, 560, 343 N.E.2d 819, 822.

"[T]he judgment [was] not supportable on a theory of negligence because the City must have actual or constructive knowledge of a defect or a reason to know that it exists and an opportunity to repair, as a prerequisite to its liability for negligence in such cases." (citations omitted)

and *City of New Albany v. Slattery*, (1920) 72 Ind.App. 503, 508, 124 N.E. 755, 756.

"In cases like the one before us, it is well settled in this state that the complaining party must not only prove that the alleged defective condition existed, but that the city had knowledge thereof, actual or constructive, long enough before the accident to repair the defect, and failed to do so. The rule of constructive knowledge applies only to such defects as might have been discovered by the exercise of ordinary care and diligence."

■ However, the defendant's proposed instruction is not so precise. It would state the law as requiring the State to have "reasonable knowledge of facts and circumstances to alert it to the harm." It is not at all clear that "reasonable knowledge" is or is not the same thing as actual or constructive knowledge nor that the jury would understand the requirement of knowledge to mean only that the State should have

known of the danger under the circumstances. The instruction is not a clear and accurate expression of Indiana law, and it was within the sound discretion of the trial court to refuse it as misleading and confusing to the jury.

## II. Expert Opinion

Indiana State Trooper Thomas Rehling was permitted, over the State's objection, to give his opinion as an expert concerning the cause of the Gianakis accident. Trooper Rehling was trained by the State at two law enforcement academies and various seminars. He had two years experience investigating traffic accidents as a State Police Officer, and his required duties included the determination of direction and speed of vehicles involved in accidents and the cause of those accidents. He had repeatedly driven through this curve on patrol and had investigated earlier accidents at the scene. The State contends this background did not qualify him to speak as an expert on the cause of the accident, and the court abused its discretion in allowing his testimony.

■ The exclusion of opinion as to an ultimate fact has been abrogated in Indiana for both lay and expert opinions. *Williams v. State*, (1976) 265 Ind. 190, 352 N.E.2d 733; *DeVaney v. State*, (1972) 259 Ind. 483, 288 N.E.2d 732; *Rieth-Riley Construction Co., Inc. v. McCarrell*, (1975) 163 Ind.App. 613, 325 N.E.2d 844. The trial judge may in any appropriate case, permit opinion testimony on any ultimate fact in issue. When the opinion offered requires special knowledge or experience beyond that of the average juror, it is the function of the trial judge to determine from the foundation of education and experience whether the witness is sufficiently qualified as an expert to make it likely his informed inference will aid the jury. *State v. Vaughan*, (1962) 243 Ind. 221, 184 N.E.2d 143; *Davis v. Schneider*, (1979) Ind.App., 395 N.E.2d 283; *Northern Indiana Public Service Co. v. Otis*, (1969) 145 Ind.App. 159, 250 N.E.2d 378.

Trooper Rehling's competency as an expert is a matter resting largely in the dis-

cretion of the trial judge, *Linton-Summit Coal Co. v. Hutchison,* (1953) 232 Ind. 369, 111 N.E.2d 819; *State v. Willian* (1981) Ind.App., 423 N.E.2d 668; *Kampo Transit, Inc. v. Powers,* (1965) 138 Ind.App. 141, 211 N.E.2d 781, and should only be reversed where a clear abuse of discretion is shown. *Jenny Electric Co. v. Branham,* (1896) 145 Ind. 314, 41 N.E. 448; *State v. Maudlin,* (1981) Ind.App., 416 N.E.2d 477. A clear abuse which would permit a reviewing court to overturn a trial court's determination is "an erroneous conclusion and judgment, one clearly against the logic and effect of facts and circumstances before the court or the reasonable, probable and actual deductions to be drawn therefrom." *Godfrey v. State,* (1978) Ind. App., 380 N.E.2d 621, 623; *Dunbar v. Dunbar,* (1969) 145 Ind.App. 479, 483, 251 N.E.2d 468, 471.

We do not find such an abuse here. The court examined the trooper's qualifications, and the jury knew the factual basis for his opinion about the cause of the accident. The State itself had trained Rehling to report such opinions as part of his official duties, and he had been doing so for two years. Rehling investigated the Gianakis accident the morning of the crash and was personally familiar with the highway and its accident history. The trooper's conclusions, based on his experience and training, was of some use to the jury in determining the State's role in the accident. Under these circumstances, we do not find the court's determination of Rehling's qualifications a conclusion so clearly against the logic and the facts before the court as to warrant reversal.

### III.   Excessive Damages

The Indiana wrongful death statute, Ind.Code 34–1–1–2, provides damages may be awarded for the pecuniary loss suffered by a decedent's dependant next of kin. Determination of the amount of pecuniary loss in a particular case is the function of the jury, *New York Central R. Co. v. Johnson,* (1955) 234 Ind. 457, 463, 127 N.E.2d 603, 606; *Henschen v. New York Central R. Co.,*

(1945) 223 Ind. 393, 400, 60 N.E.2d 738, 740, and the jury has long been able to take into account the loss to children of their parents' care. *Thomas v. S. H. Pawley Lbr. Co.,* (7th Cir. 1962) 303 F.2d 604, 608–09. *Indianapolis Traction and Terminal Co. v. Romans,* (1907) 40 Ind.App. 184, 194, 79 N.E. 1068, 1071.

The wrongful death statute provides in pertinent part: "damages shall be in such amount as may be determined by the court or jury, including, but not limited to, reasonable medical, hospital, funeral and burial expenses, and lost earnings of such deceased person . . . ." The legislature used the phrase "including but not limited to" to make clear it did not intend to exclude the other factors a jury may consider in assessing compensatory damages, e. g., loss of care, love and affection, and of training and guidance of children. *Huff v. White Motor Corp.,* (7th Cir. 1979) 609 F.2d 286, 297; *Richmond Gas Corp. v. Reeves,* (1973) 158 Ind.App. 338, 302 N.E.2d 795.

In Indiana, damages will be considered excessive only when they are so outrageous as to indicate passion, prejudice or partiality. *Palace Bar Inc. v. Fearnot,* (1978) Ind.App., 376 N.E.2d 1159; *Ertel v. Radio Corp. of America,* (1976) 171 Ind.App. 51, 354 N.E.2d 783; *Hidden Valley Lake, Inc. v. Kersey,* (1976) 169 Ind.App. 339, 348 N.E.2d 674; *Ingmire v. Butts,* (1975) 166 Ind.App. 139, 334 N.E.2d 701. Reversal is not justified if the amount awarded is within the evidence before the court. *Ingmire v. Butts, supra; Northern Indiana Public Service Co. v. Otis, supra.*

The parties stipulated to the amount of burial and funeral expenses at $5,280.74. No other special damages for Mrs. Gianakis were stipulated or sought. The jury was instructed properly that recovery could be awarded for intangibles, such as loss of a mother's services, counseling, guidance, love and affection. The surviving son testified concerning his mother's love and care. No evidence was introduced as to the worth of these services and intangible loses. However, since there was evi-

dence of the loss and since the jury was instructed without objection that recovery could be made for the loss, the only question is whether the jury's award was caused by passion, prejudice or partiality. We are unpersuaded that the amount of damages alone in this case are so outrageous as to be indicative of prejudice. We cannot say as a matter of law the loss of a mother is worth less than the jury's award, and where there is credible evidence to sustain the jury's discretion, we will not find that discretion abused.

### IV. Number of Instructions

■ Indiana Rules of Procedure, Trial Rule 51(D)[2] allows each party to tender ten jury instructions. However, the court "in its discretion for good cause shown" may allow more. Consolidation of two cases, as here, does not automatically double the number of instructions which may be tendered, but consolidation may create good cause for application to the court to increase the permissible tender to more than ten. The purpose of the limit is to promote accurate and general instructions on the applicable law and to increase jury comprehension and retention. *Hobby Shops, Inc. v. Drudy,* (1974) 161 Ind.App. 699, 317 N.E.2d 473.

Under the trial rule, it is in the court's discretion to accept more than ten instructions tendered. The rule does not specifically require notice to the other side of intent to ask for additional instructions but only requires the court's discretion be guided by a showing of good cause.

Of the twenty instructions tendered by the plaintiff, four were refused by the court and three of the remaining fifteen were used to advise the jury of withdrawal of the issues of assumption of risk, last clear chance and speeding.

Nothing in the record indicates the court asked for or received a showing of good

cause for submitting the excessive number of instructions. However, we note that had the court accepted only ten instructions, it still could have given the other instructions as the court's own without a showing of cause. *See Hobby Shops Inc. v. Drudy,* (1974) 161 Ind.App. 699, 706, 317 N.E.2d 473, 478. Either way, with a showing of cause or by the court's own adoption of the extra instructions, the result would have been the same and would have rested securely on the trial court's sound discretion. As it was, five additional instructions actually were allowed and the State was offered an opportunity to submit additional instructions. Under these circumstances, we find no harmful error resulted from the failure to show cause.

### V. Similar Prior Accidents

The trial court permitted testimony about eight accidents during the previous nine months at the same location as the Gianakis crash. All of the accidents involved vehicles leaving the roadway.

Before trial, the defendant moved in limine to suppress any evidence of prior accidents "which are not substantially similar in circumstances, character, place, and prior to October 9, 1976." The court overruled the motion. Subsequently, when the evidence of prior accidents was admitted at trial, the only objection made was to hearsay. That objection was overruled. On appeal, the defendant does not argue hearsay but that the accidents did not occur under similar circumstances, and so were not relevant.

■ For this court to consider an appeal, the grounds for objection to the admission of evidence urged on appeal must be the same as those made in trial. *Clark v. State,* (1978) Ind., 380 N.E.2d 550. The record indicates the objection at trial and

---

2. Trial Rule 51(D) "Limit upon requested instructions. Each party shall be entitled to tender no more than ten [10] requested instructions to be given to the jury; however, the court in its discretion for good cause shown may fix a greater number. Each tendered instruction shall be confined to one [1] relevant legal principle. No party shall be entitled to predicate error upon the refusal of a trial court to give any tendered instruction in excess of the number fixed by this rule or the number fixed by the court order, whichever is greater."

the objection on appeal are on different grounds. Nor does rejection of the Motion in Limine preserve the error for appeal. The motion in limine is not a final ruling on the admissibility of evidence, merely a protective order limiting presentation of evidence to the jury until the court has the opportunity to rule on its admissibility in the trial context. *Crosson v. State*, (1978) 268 Ind. 511, 376 N.E.2d 1136. We find the State has failed to preserve the question of prior accidents for our review since the trial court was not provided the opportunity to consider the question of relevance at trial.

We find no reversible error and so affirm the trial court.

MILLER, J., and, YOUNG, P. J., concur.